## No. 28425

### The People of the State of Colorado v. Alfred A. Johnson

(612 P.2d 1097)

Decided February 25, 1980.

Coleman M. Connolly, Special Prosecutor, for complainant.

Richard B. Manges, for attorney-respondent.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

Mr. Johnson, you stand before the Supreme Court of Colorado to be publicly censured for violating several disciplinary rules set forth in the Code of Professional Responsibility governing the conduct of attorneys in Colorado. A formal complaint was filed with the Grievance Committee of the Supreme Court alleging that a client paid you $1500 as a fee and for expenses to handle a case, and that shortly thereafter, you were discharged by the client but failed to refund the unearned portion of the amount paid to you. A hearing was conducted before a hearing committee of the grievance committee at which you appeared *pro se*. After considering the exhibits and testimony of the witnesses, the hearing committee concluded that the allegations of the complaint were sustained.

The following facts are summarized from the findings of the grievance committee and are supported by clear and convincing evidence. You received a $1500 advance payment for fees and expenses from the complaining witness Clarence Dimmen to represent his son who was charged with murder. It was orally agreed between you and Mr. Dimmen that the total fee and expenses to defend his son would be approximately $5000. There was no definitive agreement as to the amount to which you would be entitled if your services were terminated. Therefore, your fee arrangement by necessity was upon a *quantum meruit* basis.

Approximately ten days later, Mr. Dimmen advised you that he was dissatisfied with your services. He thereupon requested that you withdraw from the case as he wished to retain another attorney to represent his son. After you withdrew from the case, Mr. Dimmen and the new counsel

made at least six requests that you refund that portion of the $1500 payment which was unearned. Although when several of these requests were made, you agreed to refund a portion of the amount paid, to date you have failed and refused to tender or refund any sums to Mr. Dimmen.

We have noted the exceptions you have filed to the findings and recommendations by the grievance committee and we have considered your briefs. We totally reject your argument that you now have no legal obligation to refund a part of this $1500 payment to Mr. Dimmen. In this regard, it is appropriate to set forth in full Finding No. 5 of the grievance committee. You are therein referred to as "respondent."

"Respondent testified that he believed he spent at least twenty hours or more of his time in the case at an hourly rate of $50.00. This time included conferences with the Dimmen family, the son who was charged with the crime, with Terry Brown, the investigator hired by Respondent, with Sheriff's investigators, in a visit to the scene of the alleged crime near Greeley, Colorado, at an advisement of rights hearing, and in discussion with new counsel. Respondent did not produce any written work product, tape recording, motions or other tangible and specific evidence of his time and effort in the Dimmen murder case. The testimony of Mr. Dimmen, and new counsel contradicts Respondent's estimate of the time Respondent expended on this murder case; therefore, the Committee finds that Respondent's estimate of his time spent is vague, completely lacking in tangible proof, and contradicted by the totality of other testimony, the actual tasks performed by Respondent, and the complete lack of any specific factual documentation."

The grievance committee also found from all of the evidence presented that you expended no more than 8 or 9 hours on the case and that for this time and approximately $50 for expenses, you are entitled on a *quantum meruit* basis to $500 and that a refund of $1000 is due and owing to Mr. Dimmen. We are in total agreement with this finding of our grievance committee.

We characterize your conduct in this matter as reprehensible. We also note the fact that on March 9, 1978, you were privately censured by this court for misconduct of a similar nature. We now warn you that any future misconduct may result in a more severe sanction.

■ You are hereby publicly censured for violating the provisions of the Code of Professional Responsibility in the following respects:

1. In retaining the full $1500 after being discharged because of client dissatisfaction, coupled with the briefness and limited nature of your representation, and the fact that you could not support the reasonableness of this payment, you have, in effect, collected an excessive fee contrary to DR-2-106(A).

2. Your conduct in continuously failing to return that portion of the $1500 payment which was unearned is a violation of DR-2-110(A)(3)

which requires the prompt refund of unearned parts of a fee when a lawyer withdraws from employment.

You are hereby ordered to refund to Mr. Clarence Dimmen the sum of $1000 plus interest at the rate of six percent (6%) per annum from the date of your discharge, and that an appropriate receipt reflecting this refund be filed by you with this court within thirty (30) days.

You are also assessed costs in the amount of $346.39. It is ordered that you pay the amount of these costs to the Clerk of the Supreme Court within sixty (60) days.

JUSTICE GROVES does not participate.