The PEOPLE of the State of Colorado, Complainant,

v.

Alfred A. JOHNSON, Attorney-Respondent.

No. 79SA571.

Supreme Court of Colorado, En Banc.

April 27, 1981.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

Richard B. Manges, Fort Collins, for attorney-respondent.

ROVIRA, Justice.

Mr. Johnson, you stand before the Supreme Court of Colorado to be publicly censured for violating the Code of Professional Responsibility and your oath as an attorney.

■ You were the subject of proceedings before the Grievance Committee of this court based upon a formal complaint which charged that your conduct as an attorney created cause for discipline pursuant to Rule 241, C.R.C.P. Those proceedings resulted in a recommendation by the hearing committee that you receive a private censure. Upon review by the hearing panel, it recommended that you be suspended from the practice of law for eighteen months. After reviewing the record, we conclude that cause for discipline has been established and that a public censure is the appropriate discipline.

In the formal complaint you were charged with violating Rule 241(B), C.R.C.P., and DR 1–102(A)(4) and (6) by reason of the following acts:

(1) undertaking to pay your client's obligation from monies you held in trust and failing to do so for an extended period of time; and

(2) failure to maintain a trust account.

The findings of fact of the Grievance Committee were supported by clear and convincing evidence, and we briefly summarize them for the purpose of this opinion.

You were licensed to practice law in Colorado in 1963. In September 1976 you were retained by Mrs. Smithers to recover damages for injuries suffered by her minor son. Dr. David W. France treated the son for his injuries. The bill for medical services was $155, and you obligated yourself to pay Dr. France from the funds received in settlement of the personal injury claim. Settlement of the claim was made on March 4, 1977, and a check in the amount of $3,705 received by you from the insurance company was deposited in your personal bank account. On the same day, you wrote a check to your client for $2,104, being the amount of settlement less your fee, court costs, and the amount owing to Dr. France.

Dr. France mailed his statement to you each month for four months beginning April 27, 1977. In September 1977 Dr. France wrote to the Supreme Court Grievance Committee asking for assistance in the collection of his statement for medical services. Finally, on September 30, 1977, you paid Dr. France by check from your personal account.

Between March 4, 1977, the date you received the settlement check, and September 30, 1977, the date of payment to Dr. France, the balance in your checking account was frequently less than $155. Thus, sufficient funds to pay Dr. France were not always available from that account.

DR 1–102(A)(4) and (6) state that: "A lawyer shall not . . . (4) [e]ngage in conduct involving dishonesty, fraud, deceit, or misrepresentation . . . [or] (6) [e]ngage in any other conduct that adversely reflects on his fitness to practice law."

We agree with the conclusion of the Grievance Committee that your conduct violated accepted rules and standards of legal ethics.

You engaged in conduct involving misrepresentation by failing to pay Dr. France immediately even though you had undertaken to pay your client's obligation from monies you held in trust. Such conduct also adversely reflects on your fitness to practice law.

As previously noted, the hearing committee recommended a private censure, and the hearing panel recommended an eighteen-month suspension from the practice of law. The recommendations are advisory only; it is our responsibility to review those recommendations and to apply appropriate sanctions. *People v. Susman*, 196 Colo. 458, 587 P.2d 782 (1978). *See ABA, Standards for Lawyer Disciplinary and Disability Proceedings* § 2.1.

Although you have been the subject of prior disciplinary proceedings, *People v. Johnson*, Colo., 612 P.2d 1097 (1980), and your conduct cannot be condoned, we note that the hearing committee made a finding that you have a good reputation for competency and honesty and a poor reputation for office management.

After considering all of the factors involved in establishing appropriate discipline, it is our view that public censure is warranted. You are therefore, once again, publicly censured and put on notice that any future conduct on your part which violates Rule 241, C.R.C.P., and the Code of Professional Responsibility may well be dealt with by more severe discipline. You are assessed the costs of these proceedings in the amount of $363.50, which shall be paid to the clerk of this court within sixty days.