STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR
ASSOCIATION, RELATOR, v. PAUL G. MATT III,
RESPONDENT.

327 N.W.2d 622

Filed December 17, 1982. No. 81-690.

Paul L. Douglas, Attorney General, and Mel Kammerlohr, for relator.

Barlow, Johnson, DeMars & Flodman, for respondent.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

This is an original proceeding in which the Nebraska State Bar Association, relator, filed formal charges against Paul G. Matt III, respondent, who was admitted to the practice of law in this state on February 23, 1971.

Formal charges against the respondent Matt were filed in this court on September 28, 1981, by the Committee on Inquiry of the First Judicial District. The formal charges allege that on or about March 7, 1980, the respondent received a telephone call at his law office from a personal friend, Judy Gierlich. Gierlich asked the respondent where she could obtain cocaine. The respondent first told her that he did not know, but on further questioning agreed to contact a friend of his in Omaha, Nebraska, concerning the availability of cocaine and then recontact her.

On or about March 8, 1980, respondent called

Gierlich at approximately 10:15 a.m. and told her that he had talked to the friend in Omaha and had been told that anything was available. At approximately 10:23 a.m. on the same day respondent received a telephone call from Gierlich. Respondent asked Gierlich what quantity of cocaine she intended to purchase. Respondent then gave the telephone number of the person in Omaha to Gierlich and advised her that he would also call again "to make sure there's no problem."

Later on March 8, 1980, Gierlich called the person in Omaha and agreed to meet him at his residence in Omaha at 1 p.m. for the purchase of cocaine. At approximately the appointed time Gierlich arrived at the residence in Omaha. When she left the residence some 2 hours later she was arrested by officers of the Nebraska State Patrol. She was subsequently searched and found to be in possession of 2 ounces of cocaine and $2,000 in cash.

The record establishes that Gierlich's telephone was being tapped by the Lincoln Police Department in connection with a drug investigation at the time of the conversations between Gierlich and respondent. The record also establishes that, based on respondent's telephone conversations with Gierlich, the respondent was charged with conspiracy to possess cocaine with intent to deliver. Those charges were pending for more than a year before the respondent was allowed to enter the pretrial diversion program. Upon his successful completion of the program, the charges against respondent were dismissed.

A hearing was held before the Committee on Inquiry of the First Judicial District on July 17, 1981. Exhibits were received and the respondent testified fully and freely. The record reflects that prior to the events in March 1980 the respondent had occasionally used marijuana personally and had purchased marijuana more than once from Gierlich, who was a close personal friend. His conduct here was motivated by his friendship with Gierlich and

he received no remuneration for his efforts.

Following the hearing the Committee on Inquiry prepared formal charges against the respondent, alleging that these facts constituted a violation of the Code of Professional Responsibility and of Disciplinary Rule 1-102(A)(1) and (6). Those rules provide: "A. A lawyer shall not:

"1. Violate a Disciplinary Rule. . . . 6. Engage in any other conduct that adversely reflects on his fitness to practice law."

The charges of the Committee on Inquiry were reviewed by the Disciplinary Review Board, which found that grounds existed for discipline of the respondent and directed that formal charges and the record be filed with this court. The Disciplinary Review Board recommended that the court issue a reprimand. Formal charges were filed in this court on September 28, 1981.

By agreement of counsel a conditional admission was filed, together with a recommendation that this court impose a judgment of censure and reprimand on the respondent. The recommendation was not accepted by this court and the matter was referred to a referee. The referee considered the matter solely upon the record at the hearing before the Committee on Inquiry. On April 15, 1982, the referee filed his report finding that the respondent had violated Disciplinary Rule 1-102(A)(1) and (6) of the Code of Professional Responsibility and recommended that respondent be suspended from the practice of law for a period of 1 year, and that readmission be denied unless respondent made a satisfactory showing of rehabilitation from usage of controlled substances.

It is the obligation of this court in disciplinary proceedings to review the evidence de novo to determine if discipline should be imposed and, if it should, the extent thereof. *State ex rel. Nebraska State Bar Assn. v. McArthur,* 212 Neb. 815, 326 N.W.2d 173 (1982).

The referee specifically found that as a result of respondent's efforts Judy Gierlich was able to illegally purchase a controlled substance and respondent's personal acquaintance in Omaha was able to sell a controlled substance, and respondent knew, or had reason to know, that such would be the result of his efforts.

This court finds that such conduct adversely reflects upon respondent's fitness to practice law and constitutes a. violation of the disciplinary rules as charged. There can be no doubt that aiding and abetting criminal dealings in controlled substances, whatever the motivation of an attorney may be, constitutes conduct involving moral turpitude and warrants disciplinary action.

The record reflects that the respondent has successfully completed pretrial diversion and no longer is involved with drugs. There are other mitigating circumstances shown in the record which should be considered in determining what discipline should be imposed.

We conclude that the respondent should be suspended from the practice of law for a period of 1 year. All costs are taxed to the respondent.

JUDGMENT OF SUSPENSION.