■ In the Matter of MONROE SUSSMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.—The Grievance Committee for the Tenth Judicial District moves pursuant to section 691.3 of the rules of this court (22 NYCRR) to discipline respondent in New York State based upon his disbarment in the Commonwealth of Massachusetts.

Respondent was admitted to practice by this court on March 25, 1959. He was admitted to practice in the Commonwealth of Massachusetts in June of 1964. Respondent was disbarred by the Commonwealth of Massachusetts on October 7, 1970. The basis for disbarment was his admitted participation in a larcenous scheme in which he stole, through the filing of false claims, $97,262.50 from the Aetna Insurance Co., in the years 1967 and 1968. Respondent pleaded guilty on June 29, 1969. He was placed on probation for four years, conditional upon making restitution of $38,000 at once and the balance of $97,262.50 during the probationary period. Assistant counsel in his affirmation notes that this matter was only recently brought to the attention of the Grievance Committee, and that he recently discovered that on November 25, 1974, respondent pleaded guilty to five counts of mail fraud (18 USC § 1341), and was sentenced on December 30, 1974 to three years in Federal prison.

Pursuant to section 691.3 of the rules of this court the respondent was given notice of his right to file a verified statement setting forth any of the defenses to the imposition of discipline as enumerated in subdivision (c) of section 691.3, as follows: (1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process, or (2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duties, accept as final the finding of the court in the foreign jurisdiction as to the attorney's misconduct, or (3) that the imposition of discipline by this court would be unjust; and that the respondent has the right to demand a hearing pursuant to any and all defenses enumerated.

The respondent has failed to submit any response to this

application. In view of respondent's default, the court must impose an appropriate measure of discipline in New York.

Accordingly, the respondent should be, and hereby is, disbarred, and the clerk of the court is directed to strike his name from the roll of attorneys and counselors-at-law forthwith. Mollen, P. J., Mangano, Thompson, Bracken and Brown, JJ., concur.