STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. JAMES MARTIN DINEEN, RESPONDENT.
455 N.W.2d 178

Filed May 18, 1990.    No. 89-340.

Dennis G. Carlson, Counsel for Discipline, for relator.

Bruce G. Mason, of Ross & Mason, P.C., for respondent.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Counsel for Discipline of the Nebraska State Bar Association filed a petition for an order disbarring respondent, James Martin Dineen, pursuant to Neb. Ct. R. of Discipline 21(A) (rev. 1989). An order to show cause why such motion should not be sustained was entered and served on respondent. An answer to that order was filed by respondent; both the respondent and the relator, the Nebraska State Bar Association, have filed briefs; and the matter has been argued and submitted to the court.

Respondent was admitted to the practice of law in the State of Nebraska on June 22, 1970. Thereafter, respondent engaged in the practice of law in the State of Maine, and on August 4, 1988, by an order issued by one justice of the Supreme Court of Maine, Dineen was disbarred from the practice of law in the State of Maine. That order was affirmed on April 12, 1989, by the Supreme Court of Maine sitting en banc. That order has become final due to the failure of the respondent to perfect an appeal to the Supreme Court of the United States.

Rule 21(A) provides: "Upon receipt by the Court of

appropriate notice that a member has been disbarred or suspended in another jurisdiction, the Court shall enter an order imposing the identical discipline, or, in its discretion, suspend the member pending the imposition of final discipline in such other jurisdiction."

The issue on this appeal is whether the court, upon receiving notice of discipline from another state, shall proceed forthwith to impose identical sanctions here, or whether due process requires something further. Respondent alleges in his response to the motion for reciprocal discipline that he was denied due process in the Maine disbarment proceeding, that there was "significant infirmity of proof establishing the misconduct" in the Maine disbarment proceeding, and that even if the Maine decision on misconduct is given conclusive effect, this court must still make an independent determination as to (1) whether such misconduct renders respondent unfit to practice law in Nebraska and (2) what disciplinary action is appropriate to protect the interests of the State of Nebraska.

Research has produced but two Nebraska cases in which this court has dealt with a motion for reciprocal discipline. See, *State ex rel. NSBA v. Gerdes*, 231 Neb. 626, 437 N.W.2d 169 (1989); *State ex rel. NSBA v. Payne*, 226 Neb. 727, 414 N.W.2d 283 (1987). In *Gerdes*, respondent consented to the entry of an order of suspension. In *Payne*, respondent failed to respond to the order to show cause and the court found that there existed no issue of fact or law and ordered respondent disbarred from the practice of law in the State of Nebraska.

A lawyer is entitled to due process of law in a disciplinary proceeding. *In re Ruffalo*, 390 U.S. 544, 88 S. Ct. 1222, 20 L. Ed. 2d 117 (1968). See, also, *State ex rel. NSBA v. Kirshen*, 232 Neb. 445, 441 N.W.2d 161 (1989). This court has held: " 'Due process requires that adjudication be preceded by notice and an opportunity to be heard which is fair in view of the circumstances and conditions existent at the time.' " *State ex rel. NSBA v. Kirshen, supra* at 455, 441 N.W.2d at 168 (quoting the syllabus of the court from *Kirshen v. Kirshen*, 227 Neb. 479, 418 N.W.2d 558 (1988)).

Respondent is entitled to due process of law before he is disbarred from the practice of law in Nebraska, which includes

an opportunity to be heard. Although respondent had the opportunity to be heard in the Maine disbarment proceeding, that does not satisfy his right to be heard regarding disbarment in Nebraska. However, given that the proposed disbarment of respondent is based on misconduct and disbarment in Maine, the issues upon which respondent is entitled to be heard are more narrow than the issues upon which a respondent in an original disciplinary proceeding is entitled to be heard.

In the context of reciprocal attorney disciplinary proceedings, it is generally held that a judicial determination of attorney misconduct in one state is conclusive proof of guilt and is not subject to relitigation in the second state. However, the judicial determination of misconduct need not be accepted as conclusive proof of guilt if the attorney demonstrates to the court in the second state that the procedure in the first state was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process or that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that the final finding of the court in the first state as to the attorney's misconduct cannot be accepted. Even if the judicial determination of misconduct is accepted as conclusive proof of guilt, this does not necessarily mean that the attorney must be disbarred or suspended in the second state. The second state is entitled to make an independent assessment of the facts and an independent determination of the attorney's fitness to practice law in that state and of what disciplinary action is appropriate to protect the interests of the state. See, *The Florida Bar v. Wilkes*, 179 So. 2d 193 (Fla. 1965); *In re Weiner*, 530 S.W.2d 222 (Mo. 1975); *Kentucky Bar Ass'n v. Signer*, 533 S.W.2d 534 (Ky. 1976); *In re Kesler*, 89 Ill. 2d 151, 433 N.E.2d 643 (1982); *Matter of Sussman*, 128 A.D.2d 574, 513 N.Y.S.2d 4 (1987).

The reasoning of the Florida Supreme Court in *The Florida Bar v. Wilkes, supra*, is persuasive. According to the court, to automatically accept the judgment of the first state and impose the same discipline

would constitute an abdication of the responsibility imposed on this court to determine for itself, in proceedings conducted by it, or under its direction, the

fitness of those permitted to practice in this state. . . .

. . . .

. . . The basic issue [in disciplinary proceedings] always is whether the misconduct of the accused manifests such an unfitness to practice as to require the imposition of discipline to protect the public interest. [Citations omitted.] In order properly to resolve this issue, this court and its agencies must, in every disciplinary proceeding, whether based upon acts of misconduct already adjudicated in another state or upon acts committed in this state, fully inform themselves concerning the nature of the misconduct and all attendant circumstances. In doing this all available sources which can be properly utilized should be considered, including all evidence properly offered in the Florida proceeding and the record of proceedings in the sister state. Under this view Florida, although accepting the foreign determination of guilt, is left free to determine for itself the fitness of the accused attorney as affected by the acts of misconduct involved. It may accordingly order discipline which is more or less stringent than that awarded by the sister state.

*Id*. at 196-97.

According to the Missouri Supreme Court:

A disciplinary proceeding involves the relationship between the courts and their officers. The courts of each state create, define, and control this relationship with no necessary reference to the status of its officers in the courts of another sovereign state. The fact that a person is admitted or disbarred to or from the bar of one state does not compel any other state to admit or disbar that person to or from its own bar. Missouri makes its own independent judgment as to the fitness of the members of its bar.

*In re Weiner, supra* at 224.

The facts established at the hearing in Maine are conclusive, assuming no due process infirmity and sufficiency of the evidence. Respondent concedes as much in his argument.

Therefore, it is ordered by the court that a referee be appointed to conduct an evidentiary hearing and consider the

following: (1) whether respondent was denied due process in the Maine disbarment proceeding as reflected by the record in that proceeding; (2) whether proof of respondent's misconduct may be found in the Maine disbarment proceeding; (3) whether respondent's misconduct renders him unfit to practice law in Nebraska; and (4) whether the discipline imposed in Nebraska should be less severe than that imposed in Maine.

The following guidelines are established for use by the referee: (1) Respondent's claims that he was denied due process in the course of the Maine proceeding and that there is an infirmity of proof establishing the misconduct in the Maine proceeding shall be evaluated solely on the basis of the record of that proceeding; (2) respondent shall bear the burden of proof that he was not afforded due process of law and that there was an infirmity of proof establishing the misconduct in the Maine proceeding; (3) if respondent fails to satisfy his burden of proof, a certified copy of the findings of fact of the Maine proceeding shall constitute conclusive evidence that respondent is guilty of the misconduct charged; (4) the referee shall evaluate respondent's fitness to practice law in Nebraska and what, if any, discipline would be appropriate; and (5) respondent bears the burden of showing that the discipline to be imposed should be less severe than that imposed in Maine.

Judgment is entered accordingly.

JUDGMENT ENTERED.

WHITE, J., not participating.