STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. CHARLES M. RADOSEVICH, RESPONDENT.
501 N.W.2d 308

Filed June 11, 1993.    No. S-92-722.

Dennis G. Carlson, Counsel for Discipline, for relator.

Charles M. Radosevich, pro se.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

PER CURIAM.

This is an original action for reciprocal discipline filed against Charles M. Radosevich, a Nebraska attorney, disbarred in Colorado. After conducting a hearing, the special master found Radosevich should be disbarred in Nebraska. Radosevich was then ordered to show cause why the findings of the master should not be adopted. We find Radosevich has not done so; we thus order him disbarred.

Radosevich, an attorney licensed in both Colorado and Nebraska, was disbarred by the Colorado Supreme Court on October 30, 1989. *People v. Radosevich*, 783 P.2d 841 (Colo. 1989). The court based its decision on the recommendation of a disciplinary hearing panel, which found Radosevich had improperly withdrawn approximately $265,000 in client funds for personal use.

A motion for reciprocal discipline was then filed in Nebraska, pursuant to Neb. Ct. R. of Discipline 21(A) (rev. 1992). Radosevich answered, alleging the Colorado attorney disciplinary scheme was unconstitutional. This court then ordered a hearing to be held on the merits of Radosevich's challenges, as contemplated by *State ex rel. NSBA v. Dineen*, 235 Neb. 363, 455 N.W.2d 178 (1990).

At the proceeding before the special master, Radosevich raised two due process challenges to Colorado's disciplinary scheme. He first argued that the Colorado disciplinary hearing board was not comprised as required by that state's disciplinary rules. Radosevich next contended that the Colorado disciplinary scheme violated his right to have the final decisionmaker in the disciplinary action actually hear the evidence presented.

After the hearing, the special master rejected both challenges and recommended that Radosevich be disbarred. Radosevich was then ordered to show cause why the special master's findings should not be adopted and why he should not be so disciplined. In his brief to this court, Radosevich's sole assignment of error is that the special master erred in finding that he was not deprived of due process by the Colorado disciplinary proceeding.

Although a judicial determination of attorney misconduct in another state is generally given conclusive effect, this court is entitled, in a reciprocal discipline action, to independently assess the facts and independently determine the appropriate disciplinary action to be taken against the attorney in this state. *Dineen, supra.* Furthermore, while it is unquestioned that an attorney is entitled to due process of law in a disciplinary proceeding, *In re Ruffalo*, 390 U.S. 544, 88 S. Ct. 1222, 20 L. Ed. 2d 117 (1968), *modified on other grounds*, 392 U.S. 919, 88 S. Ct. 2257, 20 L. Ed. 2d 1380, the respondent in a Nebraska reciprocal discipline action, when challenging the process by which he was sanctioned in another jurisdiction, bears the burden of demonstrating the infirmity of that process. *Dineen, supra.* To that end, we have established certain guidelines to be employed when a hearing is conducted to determine the constitutionality of the other jurisdiction's disciplinary proceeding. As applied to the case at bar, these guidelines provide:

> (1) Respondent's claims that he was denied due process in the course of the [Colorado] proceeding . . . shall be evaluated solely on the basis of the record of that proceeding; (2) respondent shall bear the burden of proof that he was not afforded due process of law . . . in the

[Colorado] proceeding; (3) if respondent fails to satisfy his burden of proof, a certified copy of the findings of fact of the [Colorado] proceeding shall constitute conclusive evidence that respondent is guilty of the misconduct charged; (4) the referee shall evaluate respondent's fitness to practice law in Nebraska and what, if any, discipline would be appropriate; and (5) respondent bears the burden of showing that the discipline to be imposed should be less severe than that imposed in [Colorado].

*Id.* at 368, 455 N.W.2d at 181.

We thus turn to Radosevich's arguments. He first argues that he was denied due process because the Colorado hearing board which heard the evidence against him was not constituted in accordance with Colo. R. Civ. P. 241.14 (codified at Colo. Rev. Stat. Ann. ch. 20 (West 1990)).

Under Colorado's disciplinary rules, a three-person hearing board is assigned disciplinary complaints by one of two nine-member hearing panels. See Colo. R. Civ. P. 241.2 and 241.14. The two panels together comprise a grievance committee. Rule 241.2. After the hearing board has heard the complaint, it makes a recommendation to the hearing panel, which then makes its own recommendation to the state supreme court. Colo. R. Civ. P. 241.15. The makeup of the hearing board is dictated by rule 241.14(b), which provides: "At least one member of every hearing board shall be a member of the hearing panel or a former member of the [grievance] committee . . . ."

The record of the Colorado proceeding indicates the members of Radosevich's hearing board were not members of the applicable hearing panel. However, the record contains no evidence of whether the board members were former grievance committee members. Radosevich thus argues that his due process rights were violated because the makeup of the hearing board has not been shown to comply with rule 241.14. We disagree.

As noted before, the record from the Colorado proceeding provides our sole basis for evaluating whether that proceeding afforded Radosevich due process. See *Dineen, supra.* Nothing in the record indicates that the makeup of the hearing board

violated rule 241.14(b)—i.e., nothing indicates that the three board members were *not* former committee members. Radosevich bore the burden of establishing the irregularity, see *Dineen, supra*; he has failed to carry that burden. We thus need not address whether improper composition of the board would, in fact, violate due process. Radosevich's first argument is without merit.

Radosevich next contends that the Colorado disciplinary scheme violated his due process right to have the final decisionmaker in the disciplinary action actually hear the evidence presented. As support for his argument, Radosevich directs us to a case from the U.S. Court of Appeals for the 10th Circuit in which the court also addressed the constitutionality of Colorado's attorney disciplinary scheme. See *Razatos v. Colorado Supreme Court*, 746 F.2d 1429 (10th Cir. 1984), *cert. denied* 471 U.S. 1016, 105 S. Ct. 2019, 85 L. Ed. 2d 301 (1985).

In *Razatos*, a suspended attorney challenged the Colorado disciplinary scheme, arguing that it violated due process because "in cases where credibility of witnesses is crucial to the decision, the final arbiters of fact [here, the state supreme court] must see the witnesses and have an opportunity themselves to assess credibility." *Id*. at 1432. Specifically, Razatos contended that the scheme offended due process because the disciplinary rules did not grant the Colorado Supreme Court the power to conduct a de novo hearing.

Rejecting this argument, the 10th Circuit first noted that the failure of the rules to expressly provide for de novo hearings did not mean that the supreme court lacked the power to conduct such a hearing. The 10th Circuit then concluded that the Colorado attorney disciplinary scheme provided sufficient procedural safeguards to alert the supreme court as to when it should exercise its discretion and conduct de novo hearings. The court thus rejected Razatos' challenges. Notably, the 10th Circuit did not reach the question of whether such a hearing was required if the state supreme court rejected the findings of the panel based on credibility assessments.

Radosevich now argues that based on a change in the disciplinary rules, the *Razatos* holding no longer applies, and the Colorado scheme violates due process. His argument

focuses on the fact that under the rules applicable to *Razatos*, at least one member of the hearing board was required to be a member of the hearing panel. See, *id.*; Colo. R. Civ. P. 249 (codified at 7A Colo. Rev. Stat. Ann. ch. 20 (Mitchie 1973)). Under the present scheme, and as is evidenced by Radosevich's hearing board, that requirement no longer applies. See rule 241.14(b) (West 1990). Radosevich continues his argument by alleging that the hearing panel is actually the final decisionmaker in the Colorado disciplinary scheme. He concludes that the status of the hearing panel, in addition to the rule change, renders the Colorado scheme invalid. Again, we disagree.

Initially, we note that both the 10th Circuit Court of Appeals and the Colorado state courts have found the Colorado Supreme Court to be the final decisionmaker in the state's disciplinary scheme. See, *Razatos, supra*; *People v. Johnson*, 627 P.2d 748 (Colo. 1981); *People v. Berge*, 620 P.2d 23 (Colo. 1980). Radosevich offers no authority for his contrary position; we give it no credence.

Furthermore, we find no merit in Radosevich's argument that the intervening rule change has rendered the holding in *Razatos* inapplicable. In its opinion, the 10th Circuit placed no weight on whether a panel member was part of the hearing board. At issue in *Razatos* was the Colorado Supreme Court's use of the hearing board's factual findings. The intervening rule change has not altered the true point of contention in the case—that the supreme court had not observed the witnesses firsthand. Moreover, Radosevich has even less of an argument than did Razatos, for Radosevich stipulated to all material facts; credibility was never an issue. We reject Radosevich's arguments, which are based on *Razatos* and the change in rule 241.14.

Lastly, Radosevich argues that even if *Razatos* applies, the 10th Circuit employed faulty reasoning. He contends that regardless of the Colorado Supreme Court's ability to conduct a de novo hearing, the final arbiter of a disciplinary scheme must hear the evidence presented firsthand. Again, he presents no authority for this proposition. However, at least one court has rejected this argument expressly, while others have impliedly

done so. *Mildner v. Gulotta*, 405 F. Supp. 182 (E.D.N.Y. 1975), *aff'd* 425 U.S. 901, 96 S. Ct. 1489, 47 L. Ed. 2d 751 (1976). Cf., *United States v. Raddatz*, 447 U.S. 667, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980) (addressing rulings on suppression motions); *Razatos, supra*. The master did not err in rejecting this challenge to the Colorado proceeding.

Rejecting Radosevich's due process arguments, we adopt the findings of the special master. We conclude with a quote from the master's report, which further clarifies Radosevich's failure to establish a due process violation:

> [T]he Master has noted that the Respondent appeared and participated in the Colorado disciplinary proceeding, and availed himself of the opportunity to file exceptions in the Colorado Supreme Court to the findings of fact and recommendation of the Hearing Board as adopted by Grievance Committee Hearing Panel B. At no point in those proceedings did Respondent raise his due process concerns or file exceptions to the proceedings on that basis. While that fact does not eliminate the necessity of examining Respondent's due process arguments in this proceeding, the Grievance Committee Panel B and the Colorado Supreme Court was [sic] in a far better position to assess and remedy any such deficiencies than is this Court.

The record does not indicate any lack of opportunity for Radosevich to present his due process arguments in the Colorado proceeding. This court will adopt the findings of the master on these issues, namely, that the record from the Colorado proceeding reflects no deprivation of due process.

As noted previously, despite a finding that a Nebraska attorney is guilty of the misconduct which led to sanctions in another state, in an action for reciprocal discipline, this court is entitled to make an independent assessment of the facts, an independent determination of his fitness to practice law in Nebraska, and an independent determination of the appropriate measure of discipline in this state. *State ex rel. NSBA v. Dineen*, 235 Neb. 363, 455 N.W.2d 178 (1990). We thus turn to the appropriateness of a sanction of disbarment.

Radosevich bears the burden of establishing that the

discipline imposed in this state should be less severe than that imposed in Colorado. See *id*. He has not done so. At the hearing before the master, Radosevich simply testified that the misappropriated funds had been repaid and that his clients had not been damaged. He has not addressed the issue in his brief to this court.

The Colorado Supreme Court found Radosevich guilty of misusing client funds and engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. *People v. Radosevich*, 783 P.2d 841 (Colo. 1989). Because Radosevich has failed to show that he was denied due process by the Colorado proceeding, we take the Colorado court's findings as conclusive proof that he is guilty of the misconduct charged. See *Dineen, supra*.

The special master found that a sanction of disbarment was appropriate. This ruling finds support in our past decisions. See *State ex rel. NSBA v. Veith*, 238 Neb. 239, 470 N.W.2d 549 (1991) (disbarring attorney for misappropriating and commingling client funds). Moreover, we have noted that of all the offenses for which lawyers may be disciplined, " ' "stealing from a client must be among those at the very top of the list." ' " *Id*. at 247, 470 N.W.2d at 555 (quoting *The Florida Bar v. McShirley*, 573 So. 2d 807 (Fla. 1991)). We adopt the finding of the special master regarding the appropriate measure of discipline as well.

Having rejected Radosevich's arguments that he was denied due process by the Colorado disciplinary proceeding, we find that he has not established cause that the findings of the special master should not be adopted. We thus order that Radosevich be disbarred pursuant to Neb. Ct. R. of Discipline 21(A) (rev. 1992).

JUDGMENT OF DISBARMENT.

WHITE, J., not participating.