STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR
ASSOCIATION, RELATOR, V. MICHAEL J. OGBORN, RESPONDENT.
539 N.W.2d 628

Filed November 9, 1995.   No. S–93–163.

Dennis G. Carlson, Counsel for Discipline, for relator.

Beverly Evans Grenier, of Scudder Law Firm, P.C., and Michael D. Gross for respondent.

CAPORALE, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ., and RIST, D.J., and BOSLAUGH, J., Retired.

PER CURIAM.
This is an action for reciprocal discipline filed against

Michael J. Ogborn, who was disbarred by the Colorado Supreme Court on December 19, 1994. The Nebraska State Bar Association requests that Ogborn be disbarred in this state as well.

## STANDARD OF REVIEW

In the context of reciprocal attorney disciplinary proceedings, it is generally held that a judicial determination of attorney misconduct in one state is conclusive proof of guilt and is not subject to relitigation in the second state. *State ex rel. NSBA v. Dineen*, 235 Neb. 363, 455 N.W.2d 178 (1990). However, the second state is entitled to make an independent assessment of the facts and an independent determination of the attorney's fitness to practice law in that state and of what disciplinary action is appropriate to protect the interests of the state. *Id.*

A proceeding to discipline an attorney is a trial de novo on the record, in which the Supreme Court reaches a conclusion independent of the findings of the referee, provided, where credible evidence is in conflict on a material issue of fact, the Supreme Court considers and may give weight to the fact that the referee heard and observed the witnesses and accepted one version of the facts rather than another. *State ex rel. NSBA v. Schmeling*, 247 Neb. 735, 529 N.W.2d 799 (1995). The Supreme Court, in its de novo review of the record, must find that the particular complaint has been established by clear and convincing evidence in order to sustain it against an attorney in a disciplinary proceeding. *State ex rel. NSBA v. Veith*, 238 Neb. 239, 470 N.W.2d 549 (1991).

## FACTS

In 1984, Ogborn moved from Lincoln, Nebraska, to Denver, Colorado, and became managing partner of a law firm. As managing partner, Ogborn had the responsibility of reviewing bills submitted for expenses.

Ogborn and his firm represented a large utility company in a matter pending before the Interstate Commerce Commission. Between March 1990 and December 1991, Ogborn submitted bills to the utility company which were not related to his representation of the company. The bills submitted to and subsequently paid by the utility company included bills for

personal expenses and bills which should have been paid by Ogborn's law firm. In addition, Ogborn was reimbursed twice for a number of expenses.

As a result of the false billings, the utility company paid for air travel for Ogborn's children, vacations to Alaska and Hawaii, gifts, clothing, a sculpture, and other similar expenditures. Ogborn contends that the actual amount of improper billings was $117,000, but he agreed to pay restitution in the amount of $150,059.

Ogborn entered into a stipulation of facts in the Colorado disciplinary proceeding, and he admitted to violating the following provisions of the Code of Professional Responsibility:

DR 1–102 Misconduct.

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

. . . .

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

. . . .

(6) Engage in any other conduct that adversely reflects on his fitness to practice law.

The hearing board for the Colorado Grievance Committee concluded that Ogborn had also violated Colorado Rule of Civil Procedure 241.6(5), which states that any act or omission violating the criminal laws of a state or the United States constitutes grounds for lawyer discipline. The board also found that Ogborn had violated DR 2–106(A), which states that a lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee. Ogborn was disbarred by the Colorado Supreme Court on December 19, 1994.

A motion for reciprocal discipline was filed with this court on February 25, 1993, and Ogborn was suspended from the practice of law in Nebraska on March 2. An order to show cause as to why the motion for reciprocal discipline should not be sustained was entered on January 3, 1995, and Ogborn filed his response to the order to show cause on January 13. Following a hearing, the referee recommended an additional 3–year suspension.

## ASSIGNMENT OF ERROR

The relator assigns as error the referee's recommendation that Ogborn be suspended from the practice of law in Nebraska for an additional 3 years, arguing that the recommendation is too lenient under the facts in this case.

## ANALYSIS

In reciprocal attorney discipline proceedings, if the attorney has not demonstrated a lack of due process of law or an infirmity of proof, a judicial determination of attorney misconduct in one state is conclusive proof of guilt and is not subject to relitigation in the second state. See *State ex rel. NSBA v. Dineen*, 235 Neb. 363, 455 N.W.2d 178 (1990). The Supreme Court, in its de novo review of the record, must find that the particular complaint has been established by clear and convincing evidence in order to sustain it against an attorney in a disciplinary proceeding. *State ex rel. NSBA v. Veith*, 238 Neb. 239, 470 N.W.2d 549 (1991); *State ex rel. NSBA v. Thor*, 237 Neb. 734, 467 N.W.2d 666 (1991).

Ogborn does not argue that his due process rights were violated in Colorado or that the evidence was insufficient. Ogborn admits that he violated DR 1–102(A)(1), (4), and (6) and Colorado Rule of Civil Procedure 241.6(3). We find that the complaint has been established by clear and convincing evidence.

Next, we must determine the appropriate sanction. Even if a judicial determination of misconduct in the first state is accepted as conclusive proof of guilt in the second state, this does not necessarily mean that the attorney must be disbarred or suspended in the second state. See *State ex rel. NSBA v. Dineen, supra*. The second state is entitled to make an independent assessment of the facts and an independent determination of the attorney's fitness to practice law in that state and of what disciplinary action is appropriate to protect the interests of the state. *Id*. However, the attorney bears the burden of showing that the discipline to be imposed should be less severe than that imposed in the first state. *Id*.

To determine whether and to what extent discipline should be imposed, it is necessary that the following factors be

considered: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. *State ex rel. NSBA v. Veith, supra.*

It is undisputed that Ogborn submitted false bills to the utility company between March 1990 and December 1991 and that he used this money to pay for gifts and personal expenses. He also billed the utility company for expenses that should have been paid by his law firm, and he collected double reimbursement for a number of expenses.

We must also consider whether there are factors which would mitigate the sanction of disbarment, suggesting that a lesser sanction may be more appropriate. *Id.* Mitigating circumstances shown in the record should be considered in determining the appropriate discipline imposed on an attorney who has violated the Code of Professional Responsibility. *Id.*; *State ex rel. NSBA v. Miller,* 225 Neb. 261, 404 N.W.2d 40 (1987).

Ogborn contends he should not be disbarred because at the time he was engaged in submitting fraudulent bills, he suffered from an "adjustment disorder." Dr. Henry Frey, Ogborn's psychiatrist, testified that Ogborn's behavior was a character aberration caused by the disorder and that this disorder led to improper behavior totally uncharacteristic of Ogborn's moral code.

Dr. Irwin Levy agreed that Ogborn suffered from an adjustment disorder at the time of the fraudulent billings, but he also testified that Ogborn had "no overt or major mental disorders." Levy and Frey offered conflicting testimony with regard to whether the disorder was the direct cause of Ogborn's misconduct.

We decline to find that Ogborn's adjustment disorder was the cause of his billing practices with this particular client.

Based on the facts and circumstances in this case, we find that Ogborn has not sustained his burden of proving that this court should impose discipline less severe than that ordered by the Colorado Supreme Court. The nature and extent of Ogborn's billing practices demonstrate that he should not be

772

permitted to practice law in Nebraska.

## CONCLUSION

After an independent assessment of the facts and an independent determination of Ogborn's fitness to practice law, we find the referee's recommendation of an additional suspension of 3 years to be inadequate. Ogborn is disbarred from the practice of law in Nebraska, effective immediately.

JUDGMENT OF DISBARMENT.

WHITE, C.J., and FAHRNBRUCH, J., not participating.