STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, v. J. LINCOLN WOODARD, RESPONDENT.
541 N.W.2d 53

Filed December 29, 1995.   No. S–94–171.

Patrick T. O'Brien, of Bauer, Galter, O'Brien, Allan & Butler, for relator.

Michael C. Pallesen and David D. Ernst, of Gaines, Mullen, Pansing & Hogan, for respondent.

CAPORALE, LANPHIER, CONNOLLY, and GERRARD, JJ., and FUHRMAN, D.J., and NORTON and WARREN, D. JJ., Retired.

PER CURIAM.

This is an attorney reciprocal discipline case in which the relator, Nebraska State Bar Association, seeks to disbar respondent, J. Lincoln Woodard, in this state on the basis that he was disbarred in the District of Columbia. The sole issue is whether Woodard has carried his burden of establishing that the discipline to be imposed here should be less than that imposed by the District of Columbia. We determine that Woodard has not met that burden and therefore disbar him, effective immediately.

## SCOPE OF REVIEW

A proceeding to discipline an attorney is a trial de novo on the record, in which the Supreme Court reaches a conclusion independent of the findings of the referee; provided, however,

that where the credible evidence is in conflict on a material issue of fact, the Supreme Court considers and may give weight to the fact that the referee heard and observed the witnesses and accepted one version of the facts rather than another. *State ex rel. NSBA v. Ogborn*, 248 Neb. 767, 539 N.W.2d 628 (1995); *State ex rel. NSBA v. Veith*, 238 Neb. 239, 470 N.W.2d 549 (1991).

## FACTS

Woodard, who was admitted to the Nebraska and the District of Columbia bars, was later disbarred by the District of Columbia Court of Appeals. *In re Woodard*, 636 A.2d 969 (D.C. App. 1994). The District of Columbia court found that Woodard "recklessly and carelessly" misappropriated the funds of four clients, in violation of Canon 9, DR 9–103(A), of the applicable Code of Professional Responsibility; that he commingled the funds of four clients, in violation of DR 9–103(B)(3); and that he failed to maintain complete records and render appropriate accounts for two clients, in violation of DR 9–103(B)(4). Woodard admitted misappropriating the funds of three clients and commingling funds. He did not contest the charges of failure to maintain complete records and render appropriate accounts.

In those proceedings, Woodard claimed in mitigation that during the relevant period of time, he was addicted to prescription drugs, that his misconduct was substantially caused by that addiction, and that he is now substantially rehabilitated. Woodard urged the court to mitigate the usual sanction of disbarment and allow him to continue in the practice of law under restrictive conditions. The District of Columbia court rejected Woodard's mitigation claim, finding that Woodard had failed to establish that his addiction substantially affected his professional conduct or that he was substantially rehabilitated.

Shortly thereafter, the relator, pursuant to Neb. Ct. R. of Discipline 21(A) (rev. 1992), sought an order from this court disbarring Woodard in this state. We then issued an order directing Woodard to show cause why he should not be disbarred, and temporarily suspended him from the practice of law in the State of Nebraska. Woodard filed a response, raising

in mitigation his addiction to prescription drugs, and we appointed a referee.

Following a number of evidentiary hearings, the referee noted that just as Woodard had done in the District of Columbia proceedings, he here admitted misappropriating and commingling the funds of three clients and did not contest the charges regarding his failure to keep complete records and render appropriate accountings. Noting that Woodard did not claim his due process rights were violated in the District of Columbia proceedings, the referee found that Woodard had waived any due process or infirmity of proof issue. The referee also accepted the findings of the District of Columbia as conclusive proof of Woodard's misconduct.

As he did in the District of Columbia proceedings, Woodard asserted before the referee here that his professional conduct was substantially affected by his use and abuse of benzodiazepine drugs during the time of the misconduct, specifically from the fall of 1988 to the spring of 1989. Woodard also maintained that he has not ingested such drugs, except for medically necessary treatment, since January 1990 and contended that he has been rehabilitated and is alcohol and drug free. Woodard argued that the sanction imposed upon him should thus be mitigated.

After reviewing the record of the District of Columbia proceedings and the testimony, the referee found that Woodard was addicted to benzodiazepine medications during the time of the misconduct and that Woodard's addiction was a contributing factor to the charged misconduct. The referee also found the evidence supported a finding that Woodard has been free of alcohol abuse since 1983 and from the nonprescribed and nonmedically required use of benzodiazepine since January 1990. In addition, the referee concluded that the termination of use of alcohol and benzodiazepine was a mitigating factor.

The referee noted as well that Woodard provided restitution to his clients (although he did not do so until he was charged or threatened with discipline) and that Woodard's former clients suffered no continuing or permanent harm. The referee also took notice of the numerous affidavits expressing support for Woodard.

Nonetheless, the referee did not find "significant mitigating evidence to warrant discipline other than [disbarment]." He thus determined that Woodard had not demonstrated the requisite fitness to practice law and recommended that Woodard be disbarred in the State of Nebraska.

In taking exception to the referee's findings and recommendation, Woodard argues that his termination of drug and alcohol abuse constitutes not merely a "mitigating factor" but a "significant mitigating factor." Woodard also contends that the referee did not give sufficient weight to the other mitigating factors noted above.

In the context of reciprocal disciplinary proceedings, a judicial determination of attorney misconduct in one state is generally conclusive proof of guilt and is not subject to relitigation in the second state. However, the judicial determination of misconduct in the first state need not be accepted as conclusive proof of guilt if the offender demonstrates to the court in the second state that the procedure in the first state was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process or that there was such an infirmity of proof concerning the misconduct as to give rise to the clear conviction that the final finding of the court in the first state as to the offender's misconduct cannot be accepted. *State ex rel. NSBA v. Ogborn*, 248 Neb. 767, 539 N.W.2d 628 (1995); *State ex rel. NSBA v. Dineen*, 235 Neb. 363, 455 N.W.2d 178 (1990). Here, there is no claim that Woodard was deprived of any due process right in the District of Columbia court nor that there is an infirmity of proof. However, even if the first state's judicial determination of misconduct is accepted as conclusive proof of guilt, it does not necessarily follow that the offender must be disbarred or suspended in the second state. The second state is entitled to make an independent assessment of the facts and an independent determination of the offender's fitness to practice law in that state and of what disciplinary action is appropriate to protect the interests of the state. *State ex rel. NSBA v. Ogborn, supra*; *State ex rel. NSBA v. Radosevich*, 243 Neb. 625, 501 N.W.2d 308 (1993); *State ex rel. NSBA v. Dineen, supra*.

Absent mitigating circumstances, the appropriate discipline in cases of misappropriation or commingling of client funds is disbarment. *State ex rel. NSBA v. Gleason*, 248 Neb. 1003, 540 N.W.2d 359 (1995); *State ex rel. NSBA v. Veith*, 238 Neb. 239, 470 N.W.2d 549 (1991); *State ex rel. NSBA v. Miller*, 225 Neb. 261, 404 N.W.2d 40 (1987). Mitigating factors will overcome the presumption of disbarment in misappropriation and commingling cases only if they are extraordinary and, when aggravating circumstances are present, substantially outweigh as well those aggravating circumstances. See *State ex rel. NSBA v. Gleason, supra*. Illustrative of the seriousness of these offenses is *State ex rel. NSBA v. Gilroy*, 240 Neb. 578, 483 N.W.2d 135 (1992), wherein we suspended for a year the offender's license to practice law, notwithstanding that he had his client's permission to use the client's money.

As an initial matter we note that there is no one particular factor which holds the magic key to the mitigation of disciplinary sanctions. Rather, the determination of an appropriate sanction necessarily entails an assessment of the totality of the particular facts and circumstances in each case.

Woodard reads *State ex rel. NSBA v. Miller, supra*, as establishing a per se rule that termination of alcohol and drug abuse is a "significant mitigating factor" affecting the appropriate disciplinary sanction. However, the actual holding in *Miller* was that the offender's termination of alcohol and drug abuse is a significant mitigating factor affecting the appropriate sanction to be administered. *Miller* did not establish a two–tiered system of mitigating factors where some are considered significant mitigating factors and others are not. Rather, the principle on which *Miller* focused was that "each case justifying discipline of an attorney must be evaluated individually in the light of the particular facts and circumstances." *Id*. at 266, 404 N.W.2d at 43. Certainly, an offender's termination of alcohol and drug abuse is a mitigating factor to be considered in determining appropriate disciplinary sanctions, *State ex rel. NSBA v. Barnett*, 243 Neb. 667, 501 N.W.2d 716 (1993), and *State ex rel. NSBA v. Matt*, 213 Neb. 123, 327 N.W.2d 622 (1982), but whether it is such a

mitigating factor as warrants moderating the sanction will depend on the particular facts and circumstances of the offender's misconduct.

With the foregoing in mind, we turn to a consideration of whether there are factors present in this case which would mitigate the usual sanction of disbarment.

We accept the referee's findings concerning Woodard's drug addiction. Based on the medical testimony and the testimony of those who observed Woodard at that time, it appears that Woodard was abusing benzodiazepine during the period of his misconduct and that his drug abuse contributed to his misconduct. There is evidence that Woodard has abstained from alcohol abuse since 1983 and is free from the nonmedical use of benzodiazepine since January 1990. Woodard's treating physician also testified that Woodard is "substantially rehabilitated" and not likely to engage in similar misconduct. We therefore find that Woodard's termination of drug and alcohol abuse is a mitigating factor to be considered in fixing an appropriate sanction.

Other mitigating factors include that no other complaints were filed against Woodard prior to or after the charged conduct and that he cooperated fully with the Nebraska State Bar Association's Counsel for Discipline. We also take into account the many supportive affidavits regarding Woodard's reputation in his community and of his competence as a lawyer.

We, however, give no weight to the fact that Woodard provided restitution to his former clients. The fact that no client suffered any financial loss does not excuse the misappropriation of client funds and does not provide a reason for imposing a less severe sanction. *State ex rel. NSBA v. Veith, supra.*

We are not unmindful of the similarities between this case and *State ex rel. NSBA v. Miller, supra,* in which the offender was suspended for 2 years. In both cases, the offenders' misconduct involved the misappropriation and commingling of client funds. Both of the offenders had problems with drug or alcohol abuse, which contributed to the charged misconduct, and had terminated their abuse of such substances. In each case, there were numerous affidavits received in support of the offender's good reputation and competence. Both Woodard and

Miller also fully cooperated with the Counsel for Discipline and had no history of prior complaints.

Despite these similarities, there are critical differences between the cases which cannot be ignored. The most telling difference is the fact that Miller made restitution more than 2 years prior to a complaint being filed against him and without any threat of disciplinary action. This suggests to us that in spite of his substance abuse problems, Miller retained some measure of professional responsibility. The type of restitution made by Woodard suggests an " 'honesty of compulsion,' " proving mostly that Woodard is anxious to become a lawyer again and that he is able somehow to raise the money required to make his former clients as whole as possible. See *In re Wilson*, 81 N.J. 451, 457, 409 A.2d 1153, 1156 (1979).

Another significant difference between the two cases is that Miller was charged with only a single, isolated incident of misconduct. Woodard, in contrast, was found guilty of multiple offenses. Woodard misappropriated and commingled the funds of four clients and failed to maintain complete records and render appropriate accounts for two clients. It is axiomatic that multiple acts of misconduct are distinguishable from isolated incidents and are therefore deserving of more serious sanctions. See *State ex rel. NSBA v. Miller*, 225 Neb. 261, 404 N.W.2d 40 (1987).

It is the presence of the factors described above in conjunction with Miller's termination of alcohol and drug abuse which allowed for mitigation of the sanction of disbarment in that case. In Woodard's case, we do not find similar mitigating factors which would justify affording him the same treatment.

We also recall that in the recent case of *State ex rel. NSBA v. Gleason*, 248 Neb. 1003, 540 N.W.2d 359 (1995), misappropriation resulted in the suspension of the offender from the practice of law for an indeterminate period of time. However, *Gleason* is distinguishable from the case at hand because there the offender revealed instances of misconduct which might not otherwise have been discovered and because he had sought psychiatric and psychological help for the condition leading to the misappropriations before any complaint was filed against him.

## CONCLUSION

After due consideration of the record and of our solemn duty to protect the public, we determine that Woodard has failed to show that he is fit to practice law in Nebraska or that the discipline imposed in this state should be less severe than that imposed in the District of Columbia. Accordingly, we hereby disbar Woodard, effective immediately.

JUDGMENT OF DISBARMENT.

WHITE, C.J., and FAHRNBRUCH and WRIGHT, JJ., not participating.