545 N.W.2d 737 (1996)
249 Neb. 804
STATE of Nebraska ex rel. NEBRASKA STATE BAR ASSOCIATION, Relator,
v.
Robert L. GRIDLEY, Respondent.
No. S-96-179.
Supreme Court of Nebraska.
April 5, 1996.
*738 WHITE, C.J., and CAPORALE, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.
PER CURIAM.
Robert L. Gridley was duly admitted to the practice of law in the State of Nebraska on October 9, 1985, and was thereafter engaged in the private practice of law in Scottsbluff.
On February 15, 1996, Gridley voluntarily surrendered his license to practice law in Nebraska. In submitting the voluntary surrender of his license to practice law, Gridley admitted, in substance that on numerous occasions, *739 (1) client retainer moneys were deposited into his client trust account and that such funds or portions of them were transferred from the trust account to his business account and utilized in the operation of his law office business prior to actually being earned; (2) there were periodic deficits in his client trust account which rendered that account's balance below that which would be commensurate with unearned client retainer deposits; (3) moneys transferred from the client trust account were, in large part, used to pay the wages of his employees; and (4) the foregoing activities were in violation of Canon 9, DR 9-102(A), of the Code of Professional Responsibility.
In regard to preserving identity of funds and property of a client, DR 9-102(A) provides:
All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable bank or savings and loan association accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:
(1) Funds reasonably sufficient to pay account charges may be deposited therein.
(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.
Although, in surrendering his license to practice law, Gridley only admitted that he violated DR 9-102(A), we find from the facts he admitted that he also violated Canon 1, DR 1-102(A), of the Code of Professional Responsibility, which provides that a lawyer shall not:
(1) Violate a Disciplinary Rule.
(2) Circumvent a Disciplinary Rule through actions of another.
(3) Engage in illegal conduct involving moral turpitude.
(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
(5) Engage in conduct that is prejudicial to the administration of justice.
(6) Engage in any other conduct that adversely reflects on his or her fitness to practice law.
Misappropriation of a client's funds affects both the bar and the public because it is a serious offense involving moral turpitude. State ex rel. NSBA v. Veith, 238 Neb. 239, 470 N.W.2d 549 (1991). Receiving a client's funds and converting them to personal use by placing them in an office account without consent of the client is illegal conduct involving moral turpitude. Id.
In the written surrender of his license, Gridley claims that in a limited number of cases he personally or from his office account reimbursed portions of moneys which had wrongly been transferred from his trust account to his business account.
In surrendering his license, Gridley stated that he freely and voluntarily consented to any order that this court might enter in this matter, including, but not limited to, disbarment or suspension and that he waived his right to notice, appearance, or a hearing prior to the entry of such an order.
The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances. State ex rel. NSBA v. Thor, 237 Neb. 734, 467 N.W.2d 666 (1991). Violation of a disciplinary rule concerning the practice of law is a ground for discipline. Id.
Misappropriation of a client's funds is more than a grievous breach of professional ethics. It violates basic notions of honesty and endangers public confidence in the legal profession. State ex rel. NSBA v. Veith, supra. Misappropriation of client funds, as one of the most serious violations of duty an attorney owes to his client, the public, and the courts, typically warrants disbarment. Id.
Absent mitigating circumstances, the appropriate discipline in cases of misappropriation *740 or commingling of client funds is disbarment. State ex rel. NSBA v. Woodard, 249 Neb. 40, 541 N.W.2d 53 (1995). On rare occasions, we have found extraordinary mitigating circumstances which overcome the presumption of disbarment in misappropriation cases. See, State ex rel. NSBA v. Bruckner, 249 Neb. 361, 543 N.W.2d 451 (1996); State ex rel. NSBA v. Gleason, 248 Neb. 1003, 540 N.W.2d 359 (1995).
However, no mitigating factor is present in Gridley's case. In his voluntary surrender, Gridley states that no client was ever injured by his actions because his reasons for misappropriating client retainer moneys were to ensure prompt payment of employee wages and to facilitate continued representation of his clients. The fact that no client suffered any financial loss is no excuse for a lawyer to misappropriate clients' funds nor any reason why a lawyer should not receive a severe sanction. State ex rel. NSBA v. Veith, supra. A lawyer's poor accounting procedures and sloppy office management are not excuses or mitigating circumstances in reference to commingled funds. State ex rel. NSBA v. Statmore, 218 Neb. 138, 352 N.W.2d 875 (1984).
Gridley's admissions sufficiently demonstrate that he misappropriated clients' moneys on multiple occasions without any mitigating factor. This conduct will not be tolerated. We thus accept Gridley's surrender of his license to practice law and order him disbarred from the practice of law in Nebraska, effective immediately.
JUDGMENT OF DISBARMENT.
FAHRNBRUCH, J., not participating.