STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. FRANK P. RAMACCIOTTI, RESPONDENT.

553 N.W.2d 467

Filed October 4, 1996.   No. S-95-844.

WHITE, C.J., CAPORALE, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

PER CURIAM.

Respondent, Frank P. Ramacciotti, was admitted to the practice of law in the State of Nebraska on October 7, 1971, and in the State of Minnesota on October 13, 1978. On April 12, 1995, the Minnesota Supreme Court suspended respondent from practicing law in that state for an indefinite period of time due to his failure to comply with the stipulated terms of a previous probation, his being found in contempt for failing to pay maintenance and child support obligations, and his failure to file federal and state income tax returns for the years 1987 through 1994 and for a number of years prior to 1987. In response, pursuant to Neb. Ct. R. of Discipline 21(A) (rev. 1996), the Counsel for Discipline of relator, the Nebraska State Bar Association, filed a motion for reciprocal discipline with this court on August 8, 1995.

An order to show cause was then entered by this court on November 8, 1995, directing respondent to show cause, within 14 days of service of the order, why we should not enter an order imposing an appropriate disciplinary sanction, including the possibility of disbarment. Although this order was personally served on respondent on February 15, 1996, he failed to respond within the required timeframe. Relator now moves for judgment on the pleadings, pursuant to Neb. Ct. R. of Discipline 10(I) (rev. 1996). A copy of the amended motion for judgment on the pleadings was served on respondent on August 22, 1996.

We find that the requirements of rule 10(I) have been satisfied and see no reason why a judgment on the pleadings should not be granted.

Pursuant to rule 21(A), this court is authorized to reciprocate the disciplinary measures of another state on a member of the Nebraska bar. For purposes of reciprocal disciplinary actions, we have repeatedly held that a judicial determination

of attorney misconduct in one state is conclusive proof of guilt and is not subject to relitigation in the second state. *State ex rel. NSBA v. Johnson*, 249 Neb. 563, 544 N.W.2d 803 (1996); *State ex rel. NSBA v. Ogborn*, 248 Neb. 767, 539 N.W.2d 628 (1995). Since the Minnesota Supreme Court indefinitely suspended respondent's license to practice law in that state, the imposition of discipline by this court is warranted.

In determining the appropriate discipline, we are entitled to make an independent assessment of the facts and an independent determination of the attorney's fitness to practice law in this state and of what disciplinary action is required to protect the interests of this state. *Id.* In so doing, we consider the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. *State ex rel. NSBA v. Johnson, supra*; *State ex rel. NSBA v. Gleason*, 248 Neb. 1003, 540 N.W.2d 359 (1995).

The conduct attributed to respondent by the Minnesota Supreme Court constitutes, at the very least, violations of Canon 1, DR 1-102(A)(1), (4), (5), and (6), of the Code of Professional Responsibility. In addition to respondent's suspension by the Minnesota Supreme Court, the record before us reveals that the imposition of disciplinary measures on respondent has been commonplace during the past 10 years. Since 1987, respondent has been on probation in the State of Minnesota at least three times. These probationary sanctions were imposed due to respondent's engaging in conduct outside the practice of law; his neglect and incompetence in handling a client matter, as well as his failure to pay an acknowledged debt; and his interfering with a court hearing regarding his own marital dissolution. Furthermore, we note that respondent was suspended from the practice of law in this state on June 17, 1994, because of his failure to pay dues to the Nebraska State Bar Association. Also troubling is respondent's complete failure to respond to this court's order to show cause as to why he should not be disciplined. Such neglectful and uncooperative practices will not be tolerated. See *State ex rel. NSBA v.*

*Johnson, supra.* In light of his repeated lack of professionalism and corresponding discipline, it is clear that respondent is unfit to practice law.

For these reasons, we feel that a reciprocal suspension in this case is insufficient to protect the public as well as the reputation of the bar. Therefore, we grant relator's amended motion for judgment on the pleadings and disbar respondent from the practice of law in Nebraska, effective immediately.

JUDGMENT OF DISBARMENT.

FAHRNBRUCH, J., not participating.