STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. J. DAVID GREGORY, RESPONDENT.
554 N.W.2d 422

Filed October 25, 1996.   No. S-96-795.

WHITE, C.J., CAPORALE, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

PER CURIAM.

Formal charges were filed by the Committee on Inquiry of the Second Disciplinary District of the Nebraska State Bar

Association, relator, against respondent, J. David Gregory, who was admitted to the practice of law in the State of Nebraska on April 14, 1994. The charges were filed pursuant to two separate complaints lodged against Gregory by former clients. The substance of both complaints was that Gregory continually neglected legal matters entrusted to him, failed to carry out his contract of employment for professional services, engaged in conduct involving dishonesty and misrepresentation, and misused client funds.

Both complainants testified at the April 24, 1996, hearing on this matter held before the committee. Steven F. Turner testified that he retained the services of Gregory for a variety of legal matters beginning in November 1994. Those services included the preparation of a will, preparation of documents to incorporate Turner's business, and filing an application for trademark protection. Turner paid attorney fees to Gregory for the provision of these services. However, Gregory failed to see each of these matters through to completion.

Turner said that as part of the preparation of his will, Gregory was to contact Turner's former lawyer in California and instruct him to destroy all copies of Turner's prior will. Gregory informed Turner that he had contacted Turner's former lawyer, when, in fact, he had not. Despite repeated assurances by Gregory that all necessary steps had been taken to properly incorporate Turner's business, Turner later discovered otherwise. Gregory failed to publish public notice of the incorporation of Turner's business, failed to secure a federal employer identification number, and failed to timely file a subchapter S election with the Internal Revenue Service, even though he assured Turner that each of those tasks had been accomplished. Gregory agreed to process a trademark application for Turner, for which Turner paid to Gregory a trademark application filing fee. Turner later discovered that his application was not filed. Gregory has not returned Turner's application filing fee. Furthermore, despite repeated requests by Turner, Gregory has failed to return Turner's papers and corporate records.

Larry A. Bond appeared before the committee and testified that in December 1993, he was experiencing business and personal financial problems precipitated by his poor health and

hired Gregory to file personal and corporate bankruptcy petitions on his behalf. He also hired Gregory to pursue a tort claim on his behalf. During this time, Bond was frequently hospitalized and underwent two major surgeries.

Bond said that he paid the necessary fees to Gregory for the bankruptcy filings. At some point, Gregory contacted Bond and informed him that Gregory had appeared on Bond's behalf at a meeting of creditors and that no creditors had appeared to contest Bond's bankruptcy. In late June 1995, Bond was notified by the court that his personal bankruptcy petition had been dismissed because of Gregory's failure to appear. When Bond contacted Gregory to inform him of this dismissal, Gregory assured Bond that the dismissal was the result of some confusion and that he would take care of the matter by filing a motion to place Bond's bankruptcy back on the docket. This was never done. Despite repeated attempts, Bond has been unable to reach Gregory, since Gregory has failed to return telephone calls and answer correspondence. Gregory is still in possession of Bond's medical, personal, and corporate records.

Notice of the complaints filed against Gregory was mailed to him. Moreover, due and proper notice of the time and place of the hearing before the committee was given to Gregory at the address which Gregory maintained with the Nebraska State Bar Association. However, Gregory failed to appear at the hearing or otherwise respond to the complaints.

The Disciplinary Review Board reviewed the evidence received at the committee hearing, found that the complaints were established by clear and convincing evidence, and affirmed the actions of the committee. The committee formally charged Gregory with the following violations of the Code of Professional Responsibility: Canon 1, DR 1-102, misconduct; Canon 6, DR 6-101, failing to act competently; and Canon 7, DR 7-101, failing to represent a client zealously. Further, the review board found Gregory in violation of Canon 9, DR 9-102, failing to preserve the identity of funds and property of a client.

Formal charges were filed with this court on July 23, 1996. Personal service of the charges was had on Gregory on August 9. Gregory has not responded to the formal charges. Relator now moves for judgment on the pleadings, pursuant to Neb. Ct.

R. of Discipline 10(I) (rev. 1996). A copy of this motion was served on Gregory on September 10.

We determine that the requirements of rule 10(I) have been satisfied, and having reviewed the record de novo, we conclude that the allegations contained in the formal charges have been established by clear and convincing evidence. Thus, the Association's motion for judgment on the pleadings should be and is hereby granted.

To determine whether and to what extent discipline should be imposed, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) his or her present or future fitness to continue in the practice of law. See, *State ex rel. NSBA v. Ramacciotti*, 250 Neb. 893, 553 N.W.2d 467 (1996); *State ex rel. NSBA v. Johnson*, 249 Neb. 563, 544 N.W.2d 803 (1996); *State ex rel. NSBA v. Bruckner*, 249 Neb. 361, 543 N.W.2d 451 (1996).

Gregory has repeatedly promised to perform a legal service for a client; accepted a retainer, attorney fees, or payment toward a filing fee and converted it to his own benefit; failed to perform or inadequately performed the promised service; and then lied to the client about his failure. Furthermore, Gregory has failed to respond to all inquiries and charges. We have said before and will say again that such neglectful and uncooperative practices will not be tolerated. See, *State ex rel. NSBA v. Ramacciotti, supra*; *State ex rel. NSBA v. Johnson, supra*. In light of his repeated lack of professionalism, it is clear that Gregory is unfit to practice law.

Further, misappropriation of client funds, as one of the most serious violations of duty an attorney owes to clients, the public, and the courts, typically warrants disbarment. *State ex rel. NSBA v. Gridley*, 249 Neb. 804, 545 N.W.2d 737 (1996); *State ex rel. NSBA v. Gleason*, 248 Neb. 1003, 540 N.W.2d 359 (1995).

For these reasons, we conclude that disbarment is the only sanction which will adequately protect the public as well as the reputation of the bar. It is therefore the judgment of this court that J. David Gregory be disbarred from the practice of law in

Nebraska effective immediately. Gregory is further ordered to pay costs in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1991).

JUDGMENT OF DISBARMENT.

FAHRNBRUCH, J., not participating.