Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/11/2021 08:12 AM CDT

- 704 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. BEAUVAIS
Cite as 308 Neb. 704

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator, v.
John P. Beauvais, respondent.
___ N.W.2d ___

Filed March 19, 2021.    No. S-20-715.

Original action. Judgment of suspension.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

The Supreme Court of Iowa entered an order regarding the respondent, John P. Beauvais, on September 4, 2020. The Counsel for Discipline of the Nebraska Supreme Court, the relator, filed a motion for reciprocal discipline against the respondent. We grant the motion for reciprocal discipline and impose a suspension of 3 months.

## FACTS

The respondent was admitted to the practice of law in the State of Nebraska on May 2, 2014. He has been an active member of the Nebraska State Bar Association and the Iowa State Bar Association.

On September 4, 2020, the Supreme Court of Iowa issued an order and final judgment in which it found that the respondent violated the Iowa Rules of Professional Conduct. The respondent was found to have violated "Iowa Rules of Professional Conduct 32:1.1, 32:1.2(a), 32:1.3, 32:1.4(a)(1), 32:1.4(a)(3),

- 705 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. BEAUVAIS
Cite as 308 Neb. 704

32:1.4(b), 32:3.4(d), 32:8.4(c), and 32:8.4(d)." The Supreme Court of Iowa found that the respondent made misrepresentations to the court and opposing counsel, failed to serve discovery requests for his client, failed to request or take depositions, failed to provide a settlement demand, failed to communicate with experts before designating them as experts, failed to respond to discovery requests, failed to communicate settlement offers to his client, failed to notify his client of court orders, misrepresented court orders to his client, and pressured his client to sign a settlement agreement.

The order suspended the respondent from the practice of law for a period of 3 months, plus costs and expenses.

On October 2, 2020, the relator filed a motion for reciprocal discipline pursuant to Neb. Ct. R. § 3-321 of the disciplinary rules. The motion stated that the above-cited Iowa Supreme Court rules are in sum and substance the equivalent to Neb. Ct. R. of Prof. Cond. §§ 3-501.1 (rev. 2017) (competence), 3-501.2(a) (rev. 2016) (client decisions), 3-501.3 (diligence), 3-501.4 (communications), 3-503.3(a) (rev. 2016) (candor toward tribunal), 3-503.4(d) (fairness to opposing party and counsel), and 3-508.4(c) and (d) (rev. 2016) (misconduct).

This court filed an order to show cause as to why it should not impose reciprocal discipline. On January 27, 2021, the respondent filed a response in which he requested that he be placed on probation. On February 5, the relator filed a response requesting that this court impose a like discipline as that imposed by the Iowa Supreme Court.

## ANALYSIS

The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances. *State ex rel. Counsel for Dis. v. Murphy*, 283 Neb. 982, 814 N.W.2d 107 (2012). In a reciprocal discipline proceeding, a judicial determination of attorney misconduct in one jurisdiction is generally conclusive proof of guilt and is not subject to relitigation in the second jurisdiction. *Id*. Neb. Ct. R.

- 706 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. BEAUVAIS
Cite as 308 Neb. 704

§ 3-304 of the disciplinary rules provides that the following may be considered as discipline for attorney misconduct:

(A) Misconduct shall be grounds for:

(1) Disbarment by the Court; or

(2) Suspension by the Court; or

(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or

(4) Censure and reprimand by the Court; or

(5) Temporary suspension by the Court; or

(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.

(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.

Section 3-321 of the disciplinary rules provides in part:

(A) Upon being disciplined in another jurisdiction, a member shall promptly inform the Counsel for Discipline of the discipline imposed. Upon receipt by the Court of appropriate notice that a member has been disciplined in another jurisdiction, the Court may enter an order imposing the identical discipline, or greater or lesser discipline as the Court deems appropriate, or, in its discretion, suspend the member pending the imposition of final discipline in such other jurisdiction.

In imposing attorney discipline, we evaluate each case in light of its particular facts and circumstances. *State ex rel. Counsel for Dis. v. Murphy, supra*.

Upon due consideration of the record, and the facts as determined by the State Bar of Iowa, we determine that suspension is appropriate.

We grant the motion for reciprocal discipline and impose a suspension of 3 months.

CONCLUSION

The motion for reciprocal discipline is granted. The respondent is suspended from the practice of law for 3 months. The respondent shall comply with all notification requirements by suspended members provided by Neb. Ct. R. § 3-316

- 707 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. BEAUVAIS
Cite as 308 Neb. 704

(rev. 2014), and upon failure to do so, he shall be subject to punishment for contempt of this court. The respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2019) and 3-323(B) of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

Judgment of suspension.