Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/12/2022 09:08 AM CDT

STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, relator,
v. HEATHER C. PANICK, respondent.
___ N.W.2d ___

Filed May 20, 2022.    No. S-21-709.

1. **Disciplinary Proceedings.** The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances.

2. **Disciplinary Proceedings: States: Proof.** In a reciprocal discipline proceeding, a judicial determination of attorney misconduct in one jurisdiction is generally conclusive proof of guilt and is not subject to relitigation in the second jurisdiction.

3. **Disciplinary Proceedings: States.** Although a judicial determination of attorney misconduct in another state is generally given conclusive effect, the Nebraska Supreme Court is entitled, in a reciprocal discipline action, to independently assess the facts and independently determine the appropriate disciplinary action to be taken against the attorney in this state.

4. **Disciplinary Proceedings.** In imposing attorney discipline, the Nebraska Supreme Court evaluates each case in light of its particular facts and circumstances.

5. ____. For purposes of determining the proper discipline of an attorney, the Nebraska Supreme Court considers the attorney's actions both underlying the events of the case and throughout the proceeding, as well as any aggravating or mitigating factors.

Judgment of suspension.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

- 628 -

Nebraska Supreme Court Advance Sheets
311 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. PANICK
Cite as 311 Neb. 627

Per Curiam.

## INTRODUCTION

The issue in this attorney reciprocal discipline case is the appropriate sanction to be imposed. The State Bar of Texas suspended the respondent, Heather C. Panick, from the practice of law for 2 years. The relator, the Counsel for Discipline of the Nebraska Supreme Court, moved for reciprocal discipline. We grant the motion for reciprocal discipline and impose a 2-year suspension, retroactive to commencement of the Texas suspension.

## BACKGROUND

The record in this case is limited. It is composed of the motion for reciprocal discipline, this court's order to show cause, and the parties' responses to that order.

The respondent was admitted to the practice of law in the State of Texas. Later, on August 21, 2017, she was admitted to the practice of law in the State of Nebraska.

On July 14, 2021, the State Bar of Texas issued an "Agreed Judgment of Active Suspension." The discipline arose out of the respondent's "engag[ing] in conduct involving dishonesty, fraud, deceit or misrepresentation" while serving as voluntary treasurer for a youth sports club. The State Bar of Texas found that the respondent violated Texas Disciplinary Rule of Professional Conduct 8.04(a)(3), which is the equivalent of Neb. Ct. R. of Prof. Cond. § 3-508.4(c) (rev. 2016). It suspended the respondent from the practice of law in Texas for 2 years beginning on September 1, 2021, and ending on August 31, 2023. The State Bar of Texas further ordered the respondent to complete an additional 10 hours of continuing legal education in the area of trust accounts (3 hours), fiduciary duties (3 hours), handling client funds (3 hours), and ethics (1 hour).

The respondent provided a self-report of her suspension to the relator. The relator then filed a motion for reciprocal discipline against the respondent.

- 629 -

Nebraska Supreme Court Advance Sheets
311 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. PANICK
Cite as 311 Neb. 627

This court issued an order to show cause as to why we should not impose reciprocal discipline. In response, the relator requested "a disciplinary sanction warranted by the facts" but made no particular recommendation.

The respondent labeled her response to the show cause order as confidential. She requested discipline less severe than the Texas discipline. The respondent suggested probation in lieu of suspension, reprimand by the court, reprimand by the Disciplinary Review Board, or suspension for a period less than 1 year. Her unsworn response indicates that she had personal issues at the time of her misconduct, which we do not detail here.

After the parties were notified that the case was scheduled for oral argument on March 31, the respondent arranged to appear for argument via videoconferencing. The day prior to oral argument, the respondent filed a "Motion for Leave to File Supplemental Statement in Lieu of Testimony." The next day, following argument, we overruled the motion. Neither the respondent nor anyone acting on her behalf appeared for argument.

## ANALYSIS

[1-3] The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances.[1] In a reciprocal discipline proceeding, a judicial determination of attorney misconduct in one jurisdiction is generally conclusive proof of guilt and is not subject to relitigation in the second jurisdiction.[2] Although a judicial determination of attorney misconduct in another state is generally given conclusive effect, this court is entitled, in a reciprocal discipline action, to independently assess the facts and

---

[1] *State ex rel. Counsel for Dis. v. Beauvais*, 308 Neb. 704, 956 N.W.2d 298 (2021).

[2] *Id.*

- 630 -

Nebraska Supreme Court Advance Sheets
311 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. PANICK
Cite as 311 Neb. 627

independently determine the appropriate disciplinary action to be taken against the attorney in this state.[3]

Our disciplinary rules set forth the discipline that may be considered for attorney misconduct. The disciplinary options are:

(1) Disbarment by the Court; or

(2) Suspension by the Court; or

(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or

(4) Censure and reprimand by the Court; or

(5) Temporary suspension by the Court; or

(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.

(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.[4]

Another disciplinary rule[5] provides in part that upon receipt of appropriate notice that a member of Nebraska's bar has been disciplined in another jurisdiction, this court may enter an order imposing the identical discipline, or greater or lesser discipline as the court deems appropriate.

[4,5] In imposing attorney discipline, we evaluate each case in light of its particular facts and circumstances.[6] In response to our order to show cause, the respondent requests less severe discipline. For purposes of determining the proper discipline of an attorney, we consider the attorney's actions both underlying the events of the case and throughout the proceeding, as well as any aggravating or mitigating factors.[7] The relator's brief points out that the respondent's misconduct was

---

[3] *State ex rel. NSBA v. Gallner*, 263 Neb. 135, 638 N.W.2d 819 (2002).

[4] Neb. Ct. R. § 3-304(A).

[5] Neb. Ct. R. § 3-321(A).

[6] *State ex rel. Counsel for Dis. v. Beauvais, supra* note 1.

[7] *State ex rel. Counsel for Dis. v. Barfield*, 305 Neb. 79, 938 N.W.2d 863 (2020).

- 631 -

Nebraska Supreme Court Advance Sheets
311 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. PANICK
Cite as 311 Neb. 627

unrelated to her law practice, did not implicate any breach in her duty to her clients, and did not involve a failure to respond to disciplinary inquiries. It appears she had no prior discipline. We take into consideration the respondent's explanation of the situation she was in at the time of her misconduct. But we also observe that the respondent had an opportunity to contest the charge and offer mitigating circumstances during the investigatory hearing in the Texas proceeding, that she does not challenge the discipline ordered by the State Bar of Texas, and that she did not request a hearing in Nebraska.

Upon due consideration of our record and the fact that the State Bar of Texas held an investigatory hearing in the matter, we determine that suspension is appropriate. During oral argument, the relator suggested that reciprocal discipline retroactive to September 1, 2021, would be appropriate. We agree. We grant the motion for reciprocal discipline and impose a suspension of 2 years, retroactive to the commencement of the Texas suspension and ending on August 31, 2023.

## CONCLUSION

It is the judgment of this court that the respondent be suspended from the practice of law in the State of Nebraska for 2 years, retroactive to the September 1, 2021, suspension in Texas and ending on August 31, 2023. The respondent shall comply with all notification requirements by suspended members provided by Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, she shall be subject to punishment for contempt of this court. The respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2022) and 3-323(B) of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF SUSPENSION.