Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/08/2024 09:07 AM CST

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Thomas O. Campbell, respondent.
___ N.W.3d ___

Filed November 8, 2024.    No. S-23-983.

1. **Disciplinary Proceedings: States: Proof.** In a reciprocal discipline
   proceeding, a judicial determination of attorney misconduct in one
   jurisdiction is generally conclusive proof of guilt and is not subject to
   relitigation in the second jurisdiction.
2. **Disciplinary Proceedings.** In imposing attorney discipline, the Nebraska
   Supreme Court evaluates each case in light of its particular facts and
   circumstances.

Original action. Judgment of disbarment.

Jarrod S. Boitnott, Assistant Counsel for Discipline, for
relator.

Clarence E. Mock, of Johnson & Mock, P.C., L.L.O., for
respondent.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke,
Papik, and Freudenberg, JJ.

Per Curiam.

The U.S. District Court for the District of Nebraska issued
an order revoking the respondent's license to practice law
before it. The relator, the Counsel for Discipline of the
Nebraska Supreme Court (Counsel for Discipline), has filed
a motion for reciprocal discipline of the respondent pursuant
to Neb. Ct. R. § 3-321. We decline the respondent's request

- 24 -

Nebraska Supreme Court Advance Sheets
318 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. CAMPBELL
Cite as 318 Neb. 23

that we appoint a referee to further develop the factual record. We sustain the motion for reciprocal discipline and order disbarment.

## FACTS

The respondent, Thomas O. Campbell, was admitted to the practice of law in the State of Nebraska on September 20, 2011.

In August 2023, the U.S. District Court for the District of Nebraska accepted a plea agreement in which the respondent pled guilty to willfully filing a false tax return, a felony. The federal court found that the respondent was represented by counsel; that the plea was knowing, intelligent, and voluntary; and that a factual basis existed for the plea. Pursuant to the plea agreement, the respondent admitted that he submitted tax returns from 2014 to 2018 that understated the gross receipts of his law office. He admitted that he falsely subscribed to his 2014 through 2018 tax returns willfully, with the specific intent to violate the law. He agreed to pay all restitution ordered by the federal court and to comply with all Internal Revenue Service requirements related to any remaining tax deficiency.

Subsequently, the federal court entered a notice and order to show cause in which the respondent was "granted 60 days . . . to show cause why he should not be disbarred," pursuant to a federal court rule. The respondent did not respond to the order to show cause. On November 17, 2023, the federal court issued an order disbarring the respondent from practicing law in that court.

The federal court later sentenced the respondent to 12 months and 1 day in federal prison, followed by 1 year of supervised release. The federal court also imposed a fine of $10,000 and ordered the respondent to pay restitution of $407,665, both of which the respondent later paid.

Meanwhile, the relator filed the instant motion for reciprocal discipline in this court pursuant to § 3-321. We entered

- 25 -

Nebraska Supreme Court Advance Sheets
318 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. CAMPBELL
Cite as 318 Neb. 23

an order to show cause why we "should or should not enter an order imposing the identical discipline, or greater or lesser discipline, as the Court deems appropriate." Both the relator and the respondent responded to the order to show cause.

The relator's response to our order to show cause recommended disbarment. According to the relator, the factual basis for the plea in the underlying criminal case supports a reciprocal finding by this court that the respondent committed the following violations of the Nebraska Rules of Professional Conduct: (1) Misconduct—violating or attempting to violate the Nebraska Rules of Professional Conduct, see Neb. Ct. R. of Prof. Cond. § 3-508.4(a) (rev. 2016); (2) Misconduct—committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, see § 3-508.4(b); and (3) Misconduct—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, see § 3-508.4(c).

In the respondent's response to the order to show cause, he requested a referee to examine the issue of discipline. Rather than appointing a referee at that stage as requested by the respondent, we permitted the parties to supplement the record on the issue of discipline. Both the relator and the respondent submitted exhibits.

Included in the relator's exhibits are two private reprimands issued to the respondent by the Committee on Inquiry of the Fourth Judicial District on May 27, 2015, and July 15, 2020, respectively. These reprimands were based on misconduct under rules relating to candor toward a tribunal; conduct involving dishonesty, fraud, deceit, or misrepresentation; competence; communications; truthfulness in statements to others; conduct prejudicial to the administration of justice; and violation or attempted violation of the rules of professional conduct.

As for the respondent's evidence, he provided exhibits showing that after first working as an associate attorney at a law firm for 3 years, he established his own practice in

- 26 -

Nebraska Supreme Court Advance Sheets
318 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. CAMPBELL
Cite as 318 Neb. 23

2014. According to the respondent's affidavit, because of the demands imposed by a very busy law practice, he lacked "time to address the business side of [his] practice." He acknowledged that he "should have reached out for assistance related to [his] bookkeeping and taxes," which he did in 2019. An affidavit by the respondent's counsel explained that the respondent initially informed his counsel that he wanted to show cause in the federal court why he should not be disbarred, but his counsel advised him against it because "it would not serve [the respondent's] interests in the criminal case." The respondent also included letters of support from clients, local counsel, and other associates in his community and abroad, all addressed to the federal court.

On January 30, 2024, by stipulation and joint motion of the parties, we suspended the respondent until final disposition of this proceeding.

## ANALYSIS

*Hearing.*

The respondent argues that before we proceed to the issue of discipline, he is entitled to a hearing by a referee. We are not persuaded that such a hearing is warranted here.

The respondent asserts that Neb. Ct. R. §§ 3-309 (rev. 2011) and 3-310 (rev. 2023), which pertain to attorney discipline proceedings initiated by formal charges, provide the appropriate procedure in a reciprocal discipline proceeding under § 3-321. Because § 3-321 "does not provide for the appropriate procedure in a reciprocal discipline case," he alleges, it must be considered and construed together with §§ 3-309 and 3-310. Brief for respondent at 10. Those rules require a hearing before a referee under certain circumstances. See § 3-310(J) and (K) (requiring hearing before referee when answer raises issue of fact or at this court's discretion when answer raises issue of law). The respondent claims that if a hearing before a referee is not offered in reciprocal discipline cases, attorneys subject to reciprocal discipline proceedings will not be

- 27 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
318 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. CAMPBELL
Cite as 318 Neb. 23

afforded the full panoply of procedural protections offered in formal discipline actions.

We do not read our rules to require a hearing before a referee in all reciprocal discipline cases, nor do we read § 3-321 to be completely silent on reciprocal discipline procedure. As noted above, § 3-310, which sometimes requires a hearing before a referee, contemplates procedural steps that begin with the filing of formal charges by the Counsel for Discipline against the respondent. By contrast, the procedure in § 3-321 does not begin with a formal charge, does not mention a hearing in front of a referee, and does not incorporate procedure laid out in other rules. It provides, "Upon receipt by the Court of appropriate notice that a member has been disciplined in another jurisdiction, the Court may enter an order imposing the identical discipline, or greater or lesser discipline as the Court deems appropriate[.]" § 3-321. We read § 3-321 to allow this court to proceed directly from a motion for reciprocal discipline to the imposition of discipline, with no referee hearing in between.

We are not convinced by the respondent's assertion that this reading of our rules deprives attorneys in reciprocal discipline cases of necessary procedural protections. Under certain circumstances, we have required a hearing by a referee before deciding the issue of reciprocal discipline. In *State ex rel. NSBA v. Dineen*, 235 Neb. 363, 365, 455 N.W.2d 178, 180 (1990), we addressed "whether the court, upon receiving notice of discipline from another state, shall proceed forthwith to impose identical sanctions here, or whether due process requires something further." The respondent in *Dineen* alleged that he was denied due process in the other state's disbarment proceeding.

We observed in *Dineen* that "[a] lawyer is entitled to due process of law in a disciplinary proceeding." 235 Neb. at 365, 455 N.W.2d at 180, citing *In re Ruffalo*, 390 U.S. 544, 88 S. Ct. 1222, 20 L. Ed. 2d 117 (1968), and *State ex rel. NSBA v. Kirshen*, 232 Neb. 445, 441 N.W.2d 161 (1989). We went on:

- 28 -

Nebraska Supreme Court Advance Sheets
318 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. CAMPBELL
Cite as 318 Neb. 23

In the context of reciprocal attorney disciplinary proceedings, it is generally held that a judicial determination of attorney misconduct in one state is conclusive proof of guilt and is not subject to relitigation in the second state. However, the judicial determination of misconduct need not be accepted as conclusive proof of guilt if the attorney demonstrates to the court in the second state that the procedure in the first state was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process or that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that the final finding of the court in the first state as to the attorney's misconduct cannot be accepted. Even if the judicial determination of misconduct is accepted as conclusive proof of guilt, this does not necessarily mean that the attorney must be disbarred or suspended in the second state. The second state is entitled to make an independent assessment of the facts and an independent determination of the attorney's fitness to practice law in that state and of what disciplinary action is appropriate to protect the interests of the state.

*State ex rel. NSBA v. Dineen*, 235 Neb. at 366, 455 N.W.2d at 180.

Applying the principles above, we concluded that the respondent in *Dineen* was entitled to a hearing before a referee to determine (1) whether due process had been denied in the other state's proceeding, (2) whether that proceeding showed proof of misconduct, (3) whether the respondent's misconduct rendered him unfit to practice law in Nebraska, and (4) whether the discipline to be imposed in Nebraska should be more or less than the other state's.

We are not convinced that in this case, *Dineen* requires a hearing before a referee. The primary issue in *Dineen* was whether it would violate the respondent's right to due process if this court immediately imposed the identical discipline that was imposed in another state when the respondent contended

- 29 -

Nebraska Supreme Court Advance Sheets
318 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. CAMPBELL
Cite as 318 Neb. 23

that his right to due process had been violated and that misconduct had not been proved in the other state's proceeding. We concluded it would. We determined that the judicial determination of misconduct in the other state was not conclusive proof of guilt if the attorney demonstrated that there was a deprivation of due process or a lack of adequate proof of misconduct in the other state's proceeding. A hearing before a referee was thus necessary so that the respondent had an opportunity to demonstrate that either he was deprived of due process or there was a lack of adequate proof of misconduct in the other state's proceeding. In contrast, the respondent in this case does not allege, much less show, that he was deprived of due process in the federal court. Nor does he argue that the proof of misconduct in the federal court was lacking.

The respondent does assert that as in *Dineen*, a referee should receive evidence, evaluate his fitness to practice law in Nebraska, and recommend what, if any, discipline to impose. He argues that if additional proceedings before a referee are not held, no person will have the opportunity to hear in-person testimony of a mitigating nature. We disagree such proceedings are necessary here. We gave both parties the opportunity to supplement the record as to the appropriate discipline that should be imposed, and we do not view the record before us as insufficient. We are aware of nothing that requires a proceeding before a referee to determine the appropriate discipline in this case.

*Discipline.*

[1] Having determined that a hearing before a referee is not necessary here, we continue to the matter of discipline. Recall that in a reciprocal discipline proceeding, a judicial determination of attorney misconduct in one jurisdiction is generally conclusive proof of guilt and is not subject to relitigation in the second jurisdiction. *State ex rel. Counsel for Dis. v. Panick*, 311 Neb. 627, 973 N.W.2d 710 (2022). See, also, *State ex rel. NSBA v. Dineen*, 235 Neb. 363, 455 N.W.2d 178 (1990). The federal court made such a determination of misconduct here.

- 30 -

Nebraska Supreme Court Advance Sheets
318 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. CAMPBELL
Cite as 318 Neb. 23

[2] Neb. Ct. R. § 3-304 of the disciplinary rules provides that the following may be considered as discipline for attorney misconduct:

(A) Misconduct shall be grounds for:

(1) Disbarment by the Court; or

(2) Suspension by the Court; or

(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or

(4) Censure and reprimand by the Court; or

(5) Temporary suspension by the Court; or

(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.

(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.

Section 3-321 of the disciplinary rules provides, in part:

(A) Upon being disciplined in another jurisdiction, a member shall promptly inform the Counsel for Discipline of the discipline imposed. Upon receipt by the Court of appropriate notice that a member has been disciplined in another jurisdiction, the Court may enter an order imposing the identical discipline, or greater or lesser discipline as the Court deems appropriate, or, in its discretion, suspend the member pending the imposition of final discipline in such other jurisdiction.

In imposing attorney discipline, we evaluate each case in light of its particular facts and circumstances. *State ex rel. Counsel for Dis. v. Panick, supra*.

The respondent suggests that the appropriate discipline is 3 years' suspension plus probation, consistent with *State ex rel. Counsel for Dis. v. Trembly*, 300 Neb. 195, 912 N.W.2d 764 (2018). The respondent in *Trembly* pled guilty to filing a false tax return, was sentenced to a term of probation with home restriction, and was ordered to pay restitution of $110,374.58. The Counsel for Discipline filed formal charges in *Trembly*, essentially alleging the same rule violations alleged in this case. In *Trembly*, we ultimately determined that the respondent

- 31 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
318 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. CAMPBELL
Cite as 318 Neb. 23

had committed an offense of moral turpitude requiring a sanction sufficient to maintain the public's confidence in the bar and to deter the same actions in other attorneys. We acknowledged that the respondent's felony conviction was an aggravating circumstance; but we noted that he was still fit to practice law, that no clients were harmed, and that numerous mitigating factors warranted leniency, including an absence of previous disciplinary history and the fact that the violation was isolated and not part of a pattern of misconduct.

We agree with the respondent that our opinion in *Trembly* is instructive, but it is the distinctions from this case that we find most informative. Unlike the respondent in *Trembly*, the respondent in this case admitted to underreporting income on his tax returns over a 5-year period. His actions resulted in a prison term and an order of restitution much greater than the restitution ordered in *Trembly*. Moreover, unlike the respondent in *Trembly*, the respondent in this case had a previous disciplinary history. Given these differences, we do not agree that the same discipline imposed in *Trembly* is appropriate here.

Upon due consideration of the record in this case, we conclude, like the federal court, that disbarment is appropriate. Therefore, we sustain the motion for reciprocal discipline and disbar the respondent from the practice of law, effective immediately.

## CONCLUSION

It is the judgment of this court that the respondent be disbarred from the practice of law in the State of Nebraska effective immediately. The respondent is directed to comply with Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, he shall be subject to punishment for contempt of this court. The respondent is further directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2022), as well as § 3-310(P) and Neb. Ct. R. § 3-323(B) of the disciplinary rules, within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.