Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/22/2026 08:08 AM CDT

- 484 -

Nebraska Supreme Court Advance Sheets
321 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. McCARTY
Cite as 321 Neb. 484

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator, v.
Ryan C. McCarty, respondent.
___ N.W.3d ___

Filed May 22, 2026.    No. S-25-699.

1. **Disciplinary Proceedings.** The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances.
2. **Disciplinary Proceedings: States: Proof.** In a reciprocal discipline proceeding, a judicial determination of attorney misconduct in one jurisdiction is generally conclusive proof of guilt and is not subject to relitigation in the second jurisdiction.
3. **Disciplinary Proceedings: States.** Although a judicial determination of attorney misconduct in another state is generally given conclusive effect, the Nebraska Supreme Court is entitled, in a reciprocal discipline action, to independently assess the facts and independently determine the appropriate disciplinary action to be taken against the attorney in Nebraska.
4. **Disciplinary Proceedings.** In a disciplinary proceeding, an isolated incident not representing a pattern of conduct is considered a mitigating factor.
5. ____. The Nebraska Supreme Court imposes disciplinary sanctions to deter others from misconduct in order to protect the public and to maintain the reputation of the bar as a whole.

Original action. Judgment of probation.

Justin C. Dawson, Assistant Counsel for Discipline, for relator.

Ryan C. McCarty, pro se on brief, and Adam J. Sipple, of Sipple Law, for respondent.

- 485 -

Nebraska Supreme Court Advance Sheets
321 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. McCARTY
Cite as 321 Neb. 484

Funke, C.J., Cassel, Stacy, Papik, Freudenberg, Bergevin, and Vaughn, JJ.

Per Curiam.

## INTRODUCTION

The Supreme Court of Missouri entered an order regarding the respondent, Ryan C. McCarty. The relator, the Counsel for Discipline of the Nebraska Supreme Court, moved for reciprocal discipline of the respondent pursuant to Neb. Ct. R. § 3-321 of the disciplinary rules. We grant the motion for reciprocal discipline and impose a term of probation, in lieu of suspension, upon conditions.

## BACKGROUND

The respondent was admitted to the practice of law in the State of Nebraska on September 15, 2020, and has also been admitted to the practice of law in the State of Missouri. He is currently an inactive member of the Nebraska State Bar Association and an active, but suspended, member of the State Bar of Missouri.

On July 22, 2025, the Supreme Court of Missouri issued an order in which it found that the respondent violated the Missouri Rules of Professional Conduct. It found the respondent violated "Rules 4-1.9(c)(l) and 4-1.9(c)(2)." It explained that "Rule 4-1.9 governs an attorney's duties to former clients and extends the duty of confidentiality enshrined in Rule 4-1.6."

The charges arose from the respondent's breach of client confidentiality. The underlying facts generally involved the respondent's disclosing confidential information related to his representation of his former client to the public and others.

The Supreme Court of Missouri found that the respondent revealed information related to his representation of his former client and used that information to the client's disadvantage. It said that the information disseminated was not generally known and that the respondent disclosed the information without the client's informed consent or implied authorization in order to carry out representation.

- 486 -

Nebraska Supreme Court Advance Sheets
321 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. McCARTY
Cite as 321 Neb. 484

The order "suspended [the respondent] indefinitely from the practice of law with no leave to apply for reinstatement for one year." By its terms, the 1-year period proscribing application for reinstatement would expire on July 22, 2026.

In September 2025, the relator moved for reciprocal discipline in this court pursuant to § 3-321. The operative motion stated that the above-cited Supreme Court of Missouri rules are in sum and substance the equivalent to Neb. Ct. R. of Prof. Cond. §§ 3-501.6(a) (rev. 2019) (confidentiality of information) and 3-501.9(c)(1) and (2) (duties to former clients).

We entered an order to show cause as to why this court should or should not enter an order imposing the identical discipline, or greater or lesser discipline, as the court deems appropriate. The relator filed a response that requested reciprocal discipline of suspension for 1 year. The respondent filed a response in which he requested that this court "decline to impose identical discipline, or any discipline whatsoever."

After considering the parties' responses, we directed them to brief the issue of appropriate discipline. Thereafter, the matter proceeded to oral argument and was submitted.

## ANALYSIS

[1,2] The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances.[1] In a reciprocal discipline proceeding, a judicial determination of attorney misconduct in one jurisdiction is generally conclusive proof of guilt and is not subject to relitigation in the second jurisdiction.[2] The Supreme Court of Missouri made such a determination of misconduct here. We reject the respondent's attempt to relitigate that determination.

---

[1] *State ex rel. Counsel for Dis. v. Panick*, 311 Neb. 627, 973 N.W.2d 710 (2022).

[2] *State ex rel. Counsel for Dis. v. Campbell*, 318 Neb. 23, 13 N.W.3d 97 (2024).

- 487 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
321 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. McCARTY
Cite as 321 Neb. 484

Our disciplinary rules set forth the discipline that may be considered for attorney misconduct. The disciplinary options are:

    (1) Disbarment by the Court; or

    (2) Suspension by the Court; or

    (3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or

    (4) Censure and reprimand by the Court; or

    (5) Temporary suspension by the Court; or

    (6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.[3]

This court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.[4]

[3] Another disciplinary rule[5] provides, in part, that upon receipt of appropriate notice that a member of Nebraska's bar has been disciplined in another jurisdiction, this court may enter an order imposing the identical discipline, or greater or lesser discipline as the court deems appropriate. Although a judicial determination of attorney misconduct in another state is generally given conclusive effect, the Nebraska Supreme Court is entitled, in a reciprocal discipline action, to independently assess the facts and independently determine the appropriate disciplinary action to be taken against the attorney in this state.[6]

Upon due consideration of the record, and the facts as determined by the Supreme Court of Missouri, we determine that the appropriate reciprocal discipline is probation, in lieu of suspension, upon conditions. Four reasons underlie our decision to vary from the discipline imposed by Missouri.

The respondent's inactive membership status already protects the public in Nebraska. The respondent asserts that he has been on inactive status since May 18, 2023. The relator

---

[3] Neb. Ct. R. § 3-304(A).

[4] § 3-304(B).

[5] § 3-321(A).

[6] *State ex rel. Counsel for Dis. v. Panick, supra* note 1.

- 488 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
321 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. McCARTY
Cite as 321 Neb. 484

states the same. Inactive members are precluded from practicing law in Nebraska.[7]

The discipline we impose is based solely upon the reciprocity dictated by our rules.[8] We see nothing to suggest that the respondent failed to timely notify the relator of the discipline imposed by Missouri. Nor do we see any suggestion of misconduct occurring in or related to Nebraska.

[4] Other than the Missouri proceeding underlying the reciprocal proceeding now before us, the record does not disclose any disciplinary complaints, proceedings, or dispositions. In a disciplinary proceeding, an isolated incident not representing a pattern of conduct is considered a mitigating factor.[9]

[5] Finally, our choice of discipline best allows assessment of reinstatement to active status upon the circumstances then existing. We impose disciplinary sanctions to deter others from misconduct in order to protect the public and to maintain the reputation of the bar as a whole.[10] Our disposition accomplishes both goals. Therefore, we exercise our discretion to impose a different level of discipline.

## CONCLUSION

The motion for reciprocal discipline is granted. The respondent is placed on probation, in lieu of suspension, upon conditions.

During the period of probation, the respondent shall not engage in the practice of law in Nebraska and shall not violate any rule of professional conduct as a lawyer in any other jurisdiction. As a further condition of probation, at the time of application for reinstatement to active membership and in addition to the requirements to submit an application with the

---

[7] See Neb. Ct. R. § 3-803(B)(2)(b) (rev. 2025).

[8] See § 3-321.

[9] *State ex rel. Counsel for Dis. v. Pierson*, 281 Neb. 673, 798 N.W.2d 580 (2011).

[10] *State ex rel. Counsel for Dis. v. Janousek*, 267 Neb. 328, 674 N.W.2d 464 (2004).

- 489 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
321 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. McCARTY
Cite as 321 Neb. 484

Attorney Services Division and to pay the required fees and dues, the respondent shall be required to submit to a character and fitness review before the Nebraska State Bar Commission consisting of updating information the commission uses to determine character and fitness to practice; to pay the fees and costs of investigation, including any further inquiry or hearing before the commission; and to show his fitness at that time to practice law. The period of probation shall continue until the respondent successfully obtains reinstatement to active membership in the Nebraska State Bar Association and complies with all requirements of this judgment.

The respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2022) and Neb. Ct. R. §§ 3-310(P) (rev. 2023) and 3-323(B) of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court. Upon any failure to comply with this judgment, the respondent shall be subject to punishment for contempt of this court.

JUDGMENT OF PROBATION.